367 P.2d 242

Catherine ROSSI, also known as Catherine Stewart, Appellant,

v.

Floyd STEWART and Hazel Stewart, his wife, Appellees.

No. 6841.

Supreme Court of Arizona,

In Division.

Dec. 27, 1961.

Marshall W. Haislip, Phoenix, for appellant.

Rolle, Jones, Miller & Perkins, Yuma, for appellees.

JACK L. OGG, Superior Court Judge.

Catherine Rossi, the appellant, sued Floyd Stewart and Hazel Stewart, his wife, the appellees, seeking to recover the profits of a land sale made by the Stewarts. The basis of Catherine Rossi's action, according to the allegations of her complaint, was an oral agreement entered into between her and Floyd Stewart in Phoenix, Arizona, on or about June 1, 1953. Rossi alleged that she discovered a piece of real estate in Phoenix that could be purchased for a bargain figure of $9500 on good terms; that she had no funds, but persuaded Stewart to advance her $2,000 for the down payment. She further claimed that Stewart orally agreed that he and his wife would buy the property in their names and hold it until such time as she repaid the $2000 loan, or in the event the property was sold by the Stewarts, that they would account to her for any proceeds realized from the sale, less the amount of the loan. On October 19, 1955, the Stewarts sold the property for the net sum of $42,-905.19.

As a basis for avoiding the legal effect of the Statute of Frauds and establishing a constructive trust, Rossi relied upon a purported confidential relationship existing between her and Stewart, who was her brother-in-law. The appellees denied the essential allegations of the complaint and set forth the affirmative defenses of the Statute of Frauds and of accord and satisfaction.

The trial court rendered findings of fact and conclusions of law and found; (1) That the conversations relied upon by the appellant as the basis of the oral contract did not take place; (2) that no oral contract was entered into between plaintiff and defendants; (3) that no relationship of trust and confidence or fiduciary relationship arose between plaintiff and defendants; (4) that the agreement was barred by the Statute of Frauds, and, (5) that an agreement of accord and satisfaction had been reached. Thereafter an order was entered dismissing the complaint with prejudice and entering judgment in favor of the defendants. A motion for a new trial denied, and appellant brings this appeal.

Appellant makes seven assignments of error. The first and seventh are to the effect that the judgment is contrary to law and not supported by the evidence. Assignments two through five relate to the court's refusal to allow witnesses for the plaintiff to testify in regard to matters supporting the allegations of the complaint, and the sixth relates to the court's conclusion of law that the alleged agreement was within the statute of frauds. However, since the trial court also found that there were facts to sustain the defendants' affirmative defense of accord and satisfaction, if the evidence supports this finding, and the proper legal elements exist, we need only discuss assignments one and seven.

This court has repeatedly held that where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court, and the evidence will be taken in the strongest manner in favor of the appellee, and if there is any reasonable evidence to support the judgment of the lower court, it will be sustained. Kellogg v. Bowen, 85 Ariz. 304, 337 P.2d 628 (1959); Church v. Meredith, 83 Ariz. 377, 321 P.2d 1035 (1958); Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941 (1957); Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522 (1947); Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321 (1945); Viliborghi v. Prescott School Dist., etc., 55 Ariz. 230, 100 P.2d 178 (1940).

It is also well established, that findings of fact made by a trial court will not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. Rule 52(a) Rules of Civil Procedure; Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375 (1956); Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945). The record discloses testimony as follows: After Stewart made the sale of the property in October, 1955, he voluntarily offered to split the profits three ways. He offered to give a third to his brother, Earl Stewart, another third was to go to Catherine Rossi, Earl's former wife, and Floyd Stewart was to retain a third of the

profits; Catherine Rossi changed her mind in November, 1955, and demanded that she receive all profits from the sale. Her attorney, Otto H. Linsenmeyer, wrote two letters to Floyd Stewart demanding that he pay the entire profits of the sale to Catherine Rossi. Thereafter. on January 17, 1956, in response to the second letter Floyd Stewart met with Catherine Rossi in the office of Mr. Linsenmeyer. At that time Stewart said he legally didn't owe Catherine Rossi anything, but he would still give her one-third of the profits as he had originally offered. Catherine Rossi and her attorney then privately discussed this offer and later the same day arranged to meet Earl Stewart in the lobby of the Arizona Hotel. At this time Earl Stewart made out a check to Catherine Rossi for one-third of the profits of the sale and wrote out the words "Final Payment" on the lower left hand corner of the check. The check was accepted and later cashed by Catherine Rossi and her attorney.

This court in the case of Green v. Huber, 66 Ariz. 116, 184 P.2d 662 (1947) laid down the elements necessary under the law to constitute discharge of a claim by way of an accord and satisfaction, in the form of an express or implied contract. The following elements are essential: (1) a proper subject matter; (2) competent parties; (3) an assent or meeting of the minds of the parties, and (4) a considera-

tion, 1 Am.Jur. Accord and Satisfaction, Sec. 4. All of these necessary elements were present from the facts of the case as found by the trial court and we feel there was reasonable evidence in the transcript to justify the lower court's judgment. Judgment affirmed.

JENNINGS and LOCKWOOD, JJ., concur.