410 P.2d 129

**Charles BRASHER and Bessie Brasher, husband and wife, Byrt M. Waller and Lucille M. Waller, husband and wife, Appellants,**

**v.**

**Keaton GIBSON, Appellee.**

**No. 1 CA–CIV 76.**

Court of Appeals of Arizona.

Jan. 24, 1966.

Review Granted Feb. 16, 1966.

Westover, Copple, Keddie & Choules, by William H. Westover, Yuma, for appellants.

Brandt & Baker, by Thadd G. Baker, Yuma, for appellee.

Ozell M. Trask, John Geoffrey Will, Phoenix, for Arizona Interstate Stream Commission, amici curiæ.

DONOFRIO, Judge.

On October 18, 1965 we filed our opinion in Brasher v. Gibson, 2 Ariz.App. 91, 406 P.2d 441, to which a motion for rehearing was timely filed. This motion was resisted by the appellants. The Arizona Interstate Stream Commission was allowed to file a motion for rehearing as Amicus Curiae.

■ Both motions for rehearing are in part concerned with the application of a rule of riparian rights in Arizona. We again expressly state that a private individual can acquire no right to make a beneficial use of water under any theory of riparian rights. The rule applied will exist only in very limited circumstances. Specifically, the rule involved in this case is that the defendant, who has without right built structures upon public waters, cannot do so to the detriment of the plaintiff in the use of the waters by himself and his customers. This will not prevent a person from acquiring a water right in compliance with the Arizona Statutory procedures or acquiring a water right by a contract with the Secretary of Interior under the procedures set forth in State of Arizona v. State of California, 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963); 376 U.S. 340, 84 S.Ct. 755, 11 L.Ed.2d 757 (1964) for obtaining a water right to the mainstream waters of the Colorado River.

■ The Arizona Interstate Stream Commission as Amicus Curiae has also directed our attention to the possible confusion that may result from a cursory perusal of the opinion. The Commission points to the opinion as leading an untutored reader into believing the opinion stands for the proposition that the mainstream waters of the Colorado River are subject to appropriation under the Arizona Water Code. Such is not the law. The mainstream waters of the Colorado River are controlled by the Boulder Canyon Project Act as set forth in State of Arizona v. State of California (supra).

With the above explanation the opinion is reaffirmed as written.

STEVENS, C. J., concurring.

CAMERON, Judge (dissenting).

I regret that I must dissent. It must be kept in mind that this is an action by the plaintiffs below to enjoin the defendant below from diverting water from the Colorado River and restricting its flow through a slough known as Cibola Lake. We are concerned here only with the bare rights of the two parties as between each other. We are not concerned with the public, or with the State of Arizona, the United States, or any of their administrative or political subdivisions. It is generally conceded that the proper governmental agency may assert rights against either party at any time that may well be inconsistent with the claims the parties have against each other.

The trial court below was requested to make findings of fact and conclusions of law as provided by Rule 52(a), Rules of

Civil Procedure, 16 A.R.S. The findings of fact 3 through 11 are as follows:

"3. That the lake known as Cibola Lake is situated in Sections Nineteen (19) and Thirty (30), Township Two (2) South, Range Twenty-three (23) West, Gila and Salt River Base and Meridian, contiguous to the Colorado River.

"4. That defendant has constructed turnout structures on the North end of Cibola Lake permitting the waters of the Colorado River to flow into the said Sections Nineteen (19) and Thirty (30), thereby forming the said lake.

"5. That the land upon which said northerly turn-out structures are located are lands upon which defendants exercise a possessory right claim.

"6. That defendant has constructed a dike at the southerly portion of the lake located in Sections Nineteen (19) and Thirty (30), which thereby form the southwesterly boundary of said lake.

"7. That defendant has constructed upon the northermost edge of the patented property above described owned by the defendant a levy, running in an east-west direction across the said lake.

"8. That plaintiffs have sustained no legal damage by reason of the construction and use by the defendant of the turn-out structures located on the northerly portion of Section Nineteen (19) upon the lands claimed by possessory right claim by the defendant.

"9. That plaintiffs have sustained no legal damage by reason of the construction by the defendant of a levy upon the northerly property line of the above said patented land owned by the defendant.

"10. That plaintiffs have sustained no legal damages by reason of the activities of the defendant in the construction of a levy across the southwesterly portions of the juncture of Sections Nineteen (19) and Thirty (30), being the southwesterly boundary of the said lake.

"11. That as between plaintiffs and defendant, defendant had a legal right to construct turn-out structures and levies, and to fill and maintain the area known as Cibola Lake."

The court went on to find under Conclusion of Law Number 8:

"That no lawful grounds exist for injunctive proceedings, and plaintiffs are not entitled to an injunction under the facts of this case."

Rule 52(a) states in part as follows:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

Although a finding of fact by the court below based on an erroneous view of the law may set aside, Merryweather v. Pendleton, 91 Ariz. 334, 372 P.2d 335 (1962), generally findings of fact made by the court below will not be disturbed on appeal unless "clearly erroneous", Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961), Lehman v. Whitehead, 1 Ariz.App. 355, 403 P.2d 8 (1965). Since I do not believe that the court below has misconstrued the law, I do not believe that the findings of fact should be disturbed.

The opinion in this case previously filed states:

"But in a case where no appropriation rights are affected then it is not inconsistent to apply a rule of riparian right." Brasher v. Gibson, 2 Ariz.App. 91, 406 P.2d 441, at 448 (1965).

And in the instant case, the majority opinion states:

"We again expressly state that a private individual can acquire no right to make a beneficial use of water under any theory of riparian rights. The

right applied will exist only in very limited circumstances."

Article 17, Section 1, of the Arizona Constitution, A.R.S., in my opinion, completely abrogates the doctrine of riparian rights as applied to surface waters in the State of Arizona. The doctrine should not be applied in very "limited circumstances", but should not be applied at all.

Generally, the riparian doctrine means that a land owner is entitled to the natural flow of a running stream through or along his land, in its accustomed channel undiminished in quantity and unimpaired in quality (93 C.J.S. Waters § 9). In the instant matter, under the doctrine of riparian rights, the plaintiffs would be entitled to have this body of water pass their property, substantially undiminished both in quality and quantity. Water being the precious commodity it is in our State, I do not feel we can indulge plaintiffs in such a luxury.

In Arizona, waters in "rivers, lakes or ponds" are governed by the doctrine of "prior appropriation", Maricopa County Municipal Water Conservation District Number 1 v. Southwest Cotton Company, 39 Ariz. 65, 4 P.2d 369 (1931), and such water may only be appropriated according to statute (Section 45–141 et seq., A.R.S.), or by contract with the Secretary of the Interior under procedures as set forth in State of Arizona v. State of California, 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963) Opinion; 376 U.S. 340, 84 S.Ct. 755, 11 L.Ed.2d 757 (1964) Decree. We are not, however, called upon to determine whether the defendant has made a valid appropriation of the water from the Colorado River or from the Cibola slough. We are called upon to determine whether the plaintiffs are entitled to an injunction prohibiting defendant from interfering with plaintiffs' alleged right to have the water flow past their (plaintiffs') property as they would like. Any rights that plaintiffs might have in

this regard would have to be based on the riparian rights doctrine which I feel does not exist.

The finding of the court below that the plaintiffs have suffered no damages and are therefore not entitled to the injunctive relief should be upheld and the decision affirmed.