454 P.2d 180

**Francis X. LAUBNER, Appellant,**

**v.**

**Regina ALTICK, Appellee.**

**No. I CA–CIV 520.**

Court of Appeals of Arizona.

April 28, 1969.

Walter Bond Brown, Scottsdale, for appellant.

William S. Andrews, Phoenix, for appellee.

DONOFRIO, Chief Judge.

Dr. Laubner, the plaintiff in the Superior Court, brought an action alleging nonpayment of a debt owed for medical services rendered. The court, sitting without a jury, found for the defendant Regina Altick, concluding that the plaintiff had failed to sustain his burden of proof in

support of the allegations of his complaint. Plaintiff appealed to this Court on the ground that the judgment was contrary to the evidence presented.

Plaintiff is a licensed physician engaged in the general practice of medicine. He first met the defendant in 1957 when she came to him complaining of a nervous condition. He treated her over a period of more than five years, with at least ninety percent of the treatment being related to her "tension", a condition for which, as the plaintiff knew, she was also being treated by a psychiatrist. During this time the defendant was treated at Dr. Laubner's office on an average of eight times a week, yet there was never any indication of improvement in her condition. More than $4000 was paid to the plaintiff in periodic payments and he claimed that more than $4000 was still owing.

We have reviewed the record and conclude that a more detailed discussion of the evidence would not add to the case law of this state.

■ It is well-settled that the relationship between physician and client is that of confidence and trust. Shetter v. Rochelle, 2 Ariz.App. 358, 409 P.2d 74 (1965). Our Supreme Court has worded it as follows:

"* * * When the relationship of physician and patient exists, it is one of trust and confidence, and the former must, therefore, in all dealings with his patient use the utmost good faith, * * *." Batty v. Arizona State Dental Board, 57 Ariz. 239, 254, 112 P.2d 870 (1941).

■ It is equally well-settled that where the evidence is in conflict the appellate court will not substitute its opinion thereof for that of the trial court and the evidence will be taken in the strongest manner in favor of the appellee, and if there is any reasonable evidence to support the judgment of the lower court, it will be sustained. Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961).

■ With these principles in mind, it is clear, in light of the frequency of visits,

the nature of the illness attempted to be treated by the plaintiff, a general practitioner, and the fact that, with the plaintiff's knowledge, the defendant was also being treated by a psychiatrist for the same illness, that the trial court could have found a failure of the physician's duty in dealing with his client, and therefore that the plaintiff failed to sustain his burden of proof as to the reasonable value of the services rendered. Thus, we must affirm the judgment of the lower court.

Judgment affirmed.

STEVENS and CAMERON, JJ., concur.