461 P.2d 93

**B. S. & K. MINING CO., an Arizona corporation, Appellant,**

v.

**AMERICAN SMELTING AND REFINING COMPANY, a New Jersey corporation, Appellee.**

No. 2 CA–CIV 654.

Court of Appeals of Arizona. Division 2.

Nov. 21, 1969.

Review Denied Jan. 27, 1970.

Amil J. Ajamie, and Albert H. Mackenzie, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by James M. Bush, Phoenix, for appellee.

HOWARD, Judge.

Appellee-plaintiff, American Smelting and Refining Company, hereinafter referred to as ASARCO, filed an action against the appellant-defendant, B. S. & K. Mining Co., hereinafter referred to as B. S. & K., to quiet title to certain unpatented mining claims located in Pima County, Arizona. B. S. & K. filed a counterclaim also seeking to quiet title to the claims. In accordance with the pretrial stipulation, the only determination to be made by the trial court was what is the proper position of the Nevada No. 2 mining claim.

The case was tried by the court without a jury and the court resolved this sole factual issue in favor of the plaintiff, ASARCO. The court made extensive findings of facts and conclusions of law. The appellant presents several questions for review which in essence attack the judgment, the findings of fact, and the conclusions of law on the basis of insufficiency of evidence.

On May 1, 1949, one G. E. Baker located a mining claim known as the New York claim; on June 26, 1954, the same G. E. Baker, located the Georgetown claim; and on July 27, 1954, S. T. Claflin and G. E. Baker located the Nevada No. 2 claim. All of these claims are lode claims. There is no issue as to whether or not there was a valid discovery of mineral in the place nor is there any contention that proper notices were not posted as required by law.

By various conveyances these mining claims have now become the property of the appellant, B. S. & K. The only question raised is whether the appellant's or the appellee's version is correct as to where the monuments and boundaries and discovery cut of Nevada No. 2 were positioned on the ground at the time of the location on or about July 27, 1954. The im-

portance of the exact position stems from the fact that on August 17, 18th, and 19th of 1954, ASARCO located several mining claims near and adjacent to the New York, Georgetown, and Nevada No. 2 claims and, the validity of the location of discovery cuts on several of these claims depends upon the exact position of Nevada No. 2.

The appellee introduced at the trial a survey made by its engineers based upon what appellee believed to be the monuments on the ground, consisting of 4 x 4 posts which bore the initials "Nev." on them. Appellant contends that what appellee actually surveyed was not the Nevada No. 2 claim but an older claim, the Nevada claim, located by Baker prior to the location of Nevada No. 2. ASARCO introduced testimony by their surveyors which placed the position of Nevada No. 2 in a direction different from that advocated by B. S. & K. B. S. & K.'s survey was based upon other monuments and they claim that their version is correct because of the testimony of Mr. Claflin, one of the "original locators". Appellee's cross-examination of Mr. Claflin indicated that all he did was help Mr. Baker erect one monument on the northern boundary of the claim. He did not know whether this monument was the corner or the center monument of the northern boundary.

Somewhere along the line the Duval Corporation got into the act by means of obtaining an option on Nevada No. 2 and they also made a survey which showed the Nevada No. 2 running in a third and different direction than the directions claimed by either ASARCO or B. S. & K. All in all, there were three different versions as to where Nevada No. 2 was positioned on the ground and it was the function of the trial court to resolve this conflict.

The trial court, upon the request of the parties, viewed the premises. Thus, the trial court not only had the opportunity to listen to the witnesses actually before it and to judge their credibility, but also had the opportunity to acquire a better understanding of the evidence presented, as a result of having viewed the premises.

We do not deem it necessary to discuss all of the evidence in the case concerning the conflicts and inferences in the testimony, nor the various nuances of meaning propounded by the parties. Such a recitation would not add anything of merit, involves no matters of great legal import, and would be of no aid to the readers of this opinion.

■ The rule is that where there is conflicting evidence this court will not substitute its opinion, with regard thereto, in place of the trial court's opinion, and the evidence will be viewed in a manner most favorable to the appellee. If there is reasonable evidence to support the judgment of a lower court, we will sustain the judgment. Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961).

■ It is also the rule that the findings of fact made by a trial court will not be set aside unless they are clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses before it. Rossi v. Stewart, supra.

■ Applying these rules to the case before us, we find no reason to reverse the trial court.

The judgment is affirmed.

HATHAWAY, J., and E. D. McBRYDE, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge E. D. McBRYDE was called to sit in his stead and participate in the determination of this decision.