488 P.2d 509

Jewel KRISKO, Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE CO., a foreign corporation, Appellee.

No. I CA–CIV 1528.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 14, 1971.

Cunningham, Goodson, Tiffany & Weltsch, Ltd. by Michael E. Tiffany, Phoenix, for appellant.

Evans, Kitchel & Jenckes by Robert R. Mills, Phoenix, for appellee.

CASE, Judge.

This appeal questions the judgment of the trial court in favor of appellee-defendant. The parties herein will be referred to as they appeared in the trial court.

Plaintiff filed a complaint alleging that she was the common-law wife of Andrew Krisko at the time of his death in 1966 and therefore was entitled to the proceeds of a life insurance policy issued by defendant. The matter was tried to the court, sitting without a jury, which found that plaintiff and defendant Andrew Krisko were com-

petent to marry, but further found that plaintiff failed to establish the marriage by clear and convincing evidence and determined the issue herein in favor of defendant. .

The facts viewed in a light most favorable to sustaining the judgment are as follows:

Plaintiff and one Leo Paz lived together as man and wife without benefit of a formal marriage ceremony in the State of Ohio from 1929 to 1939 when Leo disappeared. In 1951 plaintiff and Andrew Krisko "set up housekeeping" in Cleveland, Ohio. This relationship continued at various locations throughout the city until Andrew passed away in 1966. During this period of time, plaintiff carried a social security card under the name of Jewel Paz, was employed under the name of Jewel Paz, filed income tax returns under the name of Jewel Paz, and generally held herself out in the business community as Jewel Paz. During the same period of time, she and Andrew Krisko filed three joint income tax returns under the name of Krisko. Plaintiff was in Phoenix, Arizona, at the time Andrew Krisko passed away. While in Phoenix plaintiff registered to vote under the name of Jewel Paz and is listed in the Phoenix directory as Jewel Paz, widow of Leo. She testified that when she took up "housekeeping" with Andrew they intended to be husband and wife. She explained that her reason for using the name Paz in her employment was that was the name on her social security card.

The testimony at the trial on behalf of the plaintiff was by herself, her son, and her sister.

Though marriages cannot be contracted in Arizona without a valid marriage ceremony conducted by an authorized person and a marriage license, A.R.S. § 25–111, our courts have long recognized the validity of a marriage valid in a place where contracted (with an exception not pertinent herein). A.R.S. § 25–112.

■ The marriage urged by plaintiff took place in Ohio, a jurisdiction which recognizes common-law marriages. Carmichael v. State, 12 Ohio St. 553 (1861). In Bruner v. Briggs, 39 Ohio St. 478 (1883), the Supreme Court of Ohio stated that a common-law marriage could be established by showing that a man and a woman lived and cohabited together with an intent to be husband and wife for a number of years and who were recognized and treated as being husband and wife by the community and themselves. Whether these requisites are met in a particular case is a question of fact for the trier of fact, Carmichael v. State, *supra*, 12 Ohio St. at 559, and must be established by evidence which is "clear and satisfactory" to the trier of fact. Umbenhower v. Labus, 85 Ohio St. 238, 97 N. E. 832 (1912). In determining the intent of the parties to be husband and wife, the subsequent objective circumstances are to be considered. Carmichael v. State, *supra*.

■ Although we apply the substantive law of Ohio to the salient facts in determining whether plaintiff was in fact married to Andrew Krisko, we must apply our local law as to procedure on review. Thus, in reviewing questions of fact on appeal, we must view the evidence in a light most favorable to upholding the judgment which we must affirm if we find reasonable evidence to support it. Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961). Viewed in this light, the facts clearly illustrate that plaintiff did not *always* hold herself out as being married to Andrew Krisko, but in fact used her previous name Paz consistently in her business activity during the time of her alleged marriage. In the instant case where all of the testimony is elicited from witnesses who have strong family ties, and where the evidence is contradictory, we feel it mandatory to rely upon the trial court's determination based at least in part on the attitude and demeanor of the witnesses.

■ We find, therefore, that there was sufficient evidence upon which the court based its judgment and, therefore, the judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.