517 P.2d 111

Daniel F. STAUTZ, Appellant,

v.

Donald P. PENCE, President, Central Arizona College; Central Arizona College; the State Board of Directors for Junior Colleges; Bradley Sizer, Jr., James T. O'Neil, Paul Pearce, Leslie A. Wakefield, John Nix, and John Doe Coffey, District Governing Board, Appellees.

No. 2 CA–CIV 1441.

Court of Appeals of Arizona, Division 2.

Dec. 20, 1973.

Rehearing Denied Jan. 10, 1974.

Review Denied Feb. 19, 1974.

**154**

Daniel F. Stautz, in pro per.

Robert R. Bean, Pinal County Atty. by James E. Don, Chief Deputy County Atty., Casa Grande, for appellees.

## OPINION

KRUCKER, Judge.

The facts, construed in favor of the appellees, are as follows. Appellant, plaintiff below, Daniel F. Stautz, was employed as Professor of Men's Physical Education at Central Arizona College during the 1970–71 school year. This contract was for $10,980.00. In addition, appellant had a supplemental contract as basketball coach at a salary of $800.00.

In January of each year a Deans' Council conducts a review of persons in the employ of Central Arizona College. The council makes its recommendations on reappointment to the chairman of the Council, the President of the College. Upon accepting the recommendations of the Council, the chairman presents a list of the persons to be rehired to the District Governing Board. Ultimate authority on an employee's reappointment rests with the Governing Board.

In January of 1971, the Deans' Council recommended that appellant not be rehired. On February 1, 1971, Loren Aldrich, Dean of Instruction at Central Arizona College, personally informed appellant of the Council's recommendation. In a letter dated February 1, 1971, from Dr. Donald Pence, President of the College, appellant was notified that his contract would not be renewed. Thereafter, appellant requested to appear before the Deans' Council to discuss his termination.

Appellant made a personal appearance before the Deans' Council on February 12,

1971. At this meeting appellant was questioned by members of the Council and was given the opportunity to explain his philosophy and ask questions of the individual members of the Council. After the meeting the Council affirmed appellant's termination. At no time was appellant told that he had a right to appeal to the District Governing Board.

Appellant did not appeal the decision of the Deans' Council to the District Governing Board. Instead, he brought a contract action against appellees Donald Pence and Central Arizona College claiming breach of contract in denying him a proper hearing before the District Governing Board. From a judgment in favor of appellees, appellant Stautz appeals claiming that (1) he had a right to appeal to the District Governing Board, (2) that Dr. Pence denied him the right to appeal, and, therefore, (3) he was denied due process of the law.

As we noted in Kaufman v. Pima Junior College Governing Board, 14 Ariz. App. 475, 484 P.2d 244 (1971), the Teachers' Tenure Act (A.R.S. § 15–251 et seq.) is not applicable to junior college teachers. Pursuant to a unanimously passed motion of the Arizona State Junior College Board, contract renewal and termination for junior college teachers is governed by policies established by the District Governing Boards. See Kaufman v. Pima Junior College Governing Board, supra. Section 2220 of the "Central Arizona College Handbook of Board Policies and By-Laws" gives employees the right to appeal to the District Governing Board any decision involving an employee which is made by an administrator. In accordance with § 2220, we agree that appellant had a right to appeal to the District Governing Board the decision of the Deans' Council not to renew his contract.

It is appellant's contention that he was denied this right of appeal by Dr. Pence. Appellant's argument may be summarized as follows. He claims that he had no way to ascertain his right of appeal in that he was neither told of his right to appeal nor

were copies of the policy handbook available to him. He alleges that following the Deans' Council meeting, appellee Pence told him that he had no other recourse, which he believed meant no other recourse except legal action. Appellant also contends that he made an oral request for a hearing before the governing board through Dr. Pence's secretary, Bettie Clemans. Since Dr. Pence knew of his desire for a hearing, he had some duty to guide appellant in effectuating an appeal.

■ We disagree with appellant's contention because the evidence in support thereof is conflicting. Where there is conflicting evidence, this court will not substitute its opinion with regard thereto in place of the trial court's opinion, and if there is any reasonable evidence to support the judgment of a lower court we will sustain the judgment. B. S. & K. Mining Co. v. American Smelting & Refining Co., 10 Ariz.App. 585, 461 P.2d 93 (1969); Laubner v. Altick, 9 Ariz.App. 510, 454 P.2d 180 (1969).

Our review of the transcript reveals the following conflicting testimony. Dr. Pence testified that a number of the policy handbooks were available around the college, including appellant's department, and that each year the faculty members are informed where they may find the handbooks. He also denied having told appellant, following the Deans' meeting, that there was no further recourse. Dr. Pence's testimony was that appellant asked, "What more could be done," to which he responded, "No, you have exhausted this meeting with the Deans. Nothing more can be done here." Furthermore, Dr. Pence testified that appellant made neither an oral nor a written request for a hearing before the Governing Board. Bettie Clemans also testified that after the Deans' meeting, appellant made no oral or written request for a hearing. She stated that his only request came prior to the Deans' Council meeting.

The procedure to be followed in appealing to the District Governing Board is set forth in § 2225 of the policy handbook. That section requires an aggrieved person to petition the board in writing. Appellant failed to comply with § 2225.

In the case of Burri v. Campbell, 102 Ariz. 541, 434 P.2d 627 (1967), the Supreme Court upheld the procedure whereby all financial responsibility hearings were required to be held in Phoenix. The court stated:

"We reject petitioners' contention that there exists a basic right to receive notice of the mere right to an administrative hearing. There exists only the right to receive notice of the time and place of the hearing once it has been requested." 102 Ariz. at 544, 434 P.2d at 630.

■■ Since the matter was tried to the court and findings of fact and conclusions of law were neither made nor requested, all reasonable inferences must be taken in favor of the appellees. *See*, Balon v. Hotel & Restaurant Supplies, Inc., 103 Ariz. 474, 445 P.2d 833 (1968). We therefore hold that appellant was not denied his right of appeal to the District Governing Board nor denied due process of the law.

■ It should be mentioned that on appeal appellant argues that appellees failed to comply with § 2128 of the policy handbook in notifying him of his termination. At trial failure to comply with § 2128 was not alleged and that section is not part of the record. We do not look beyond the record on appeal in our review of the matter presented. Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966). We therefore do not consider this contention.

For the foregoing reasons, the judgment of the lower court is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.