526 P.2d 390

**Michael E. BLAINE, Petitioner,**

v.

**Charlotte McSPADDEN, Real Party in Interest, and Henry Haws, Robert Corbin, J. Robert Stark, Joe Eddie Lopez and Eldon Rudd, Members of and constituting the Board of Supervisors of Maricopa County, Arizona, and Rhea Woodall, Clerk of the Board of Supervisors for Maricopa County, Respondents.**

**No. 11645.**

Supreme Court of Arizona,
In Division.

Sept. 13, 1974.

Lemberg, Green, Lester & Walsh by James P. Walsh, Phoenix, for petitioner.

James G. Bond, Phoenix, for respondent County.

Andrews, Marenda & Moseley, P. A., by William S. Andrews, Phoenix, for respondent McSpadden.

PER CURIAM.

This expedited appeal is brought pursuant to A.R.S. § 16–306 by Michael E. Blaine, candidate for the office of Justice of the Peace, Tempe Precinct, Maricopa County, Arizona. Affirmed.

The facts upon which this appeal is based establish that on July 12, 1974, appellant, Michael E. Blaine, filed nomination petitions containing 292 signatures for the office of Justice of the Peace of Tempe Precinct with the Clerk of the Board of Supervisors of Maricopa County subject to the Democratic Primary Election to be held on September 10, 1974. On July 19, Charlotte McSpadden filed an action chal-

lenging the sufficiency of the signatures on Blaine's nomination petitions. On Saturday, July 27, the Superior Court heard evidence directed to the issues raised by McSpadden's action, and on July 29 ordered judgment for McSpadden and against Blaine, finding that the nomination petitions did not contain sufficient valid signatures. On July 30, the appeal was docketed in this Court. A hearing was set on the appeal for August 1, at the conclusion of which the temporary restraining order theretofore issued was dissolved and the judgment of the Superior Court was affirmed with a written opinion to follow.

At the hearing in the Superior Court on July 27, the evidence established that the signatures of 233 qualified electors were required to place a candidate for Justice of the Peace of the Tempe Precinct upon the Democratic Primary Election ballot. It was also shown that of the 292 signatures on the nomination petitions, 27 were not registered as Democrats and that 19 others were of persons who gave different addresses on the nomination petitions than were given on their affidavits of registration. Two signatures were illegible, thus making a total of 48 signatures which did not comply with the Arizona statutes as valid signatures. *See* A.R.S. § 16-303.

The court found that in addition there were 26 signatures for which no evidence of registration could be found and, hence, those signatures were invalid as not being those of registered electors. The conclusion of the trial court as to the 26 signatures was the only ground which was seriously attacked on this appeal. If they had been counted as favorable to Blaine, he would have had 244 valid signatures. Without these 26 signatures, he would have only 218 valid signatures. Blaine's position in this Court is that appellee McSpadden failed to prove by competent evidence that the 26 signatures should not be counted.

A number of statutes have direct bearing on the decision. By A.R.S. §§ 16-303 and 16-304, the signer of a nomination petition must be a qualified elector of the precinct and county in which he resides and of the State of Arizona. By A.R.S. §§ 16-143 through 16-146, the official form to become a qualified elector is an "affidavit of registration" to be filed in the office of the County Recorder, who must assign it to the proper precinct, arranged by surname in alphabetical order in the general county register.

The Director for Voters Registration of Maricopa County, Cynthia McQuirk, testified at the Superior Court hearing on July 27 that she was in charge of the voter registration list of Maricopa County and that she checked the signers of Blaine's petitions against the records in the Maricopa County Recorder's Office of registered voters on Tuesday, the 23rd day of July; that this check was from what is called the microfiche record. The microfiche consists of cards approximately four inches by five inches which can be read on a microfilm reader and is prepared from the original affidavit of registration. She further testified that the last affidavits of registrations were placed on the microfiche approximately through the 10th day of July and that the microfiche did not contain the 26 names in question. She also testified that she did not check on the original affidavits of registration filed in the office from and after the 10th day of July, but that she delivered to Charlotte McSpadden for examination the original voter registration affidavits that had been received by the Marciopa County Recorder's Office from the 10th through the 22nd day of July, 1974.

Charlotte McSpadden testified that she checked the microfiche in the Maricopa County Recorder's office of the voter registration list with the witness Cynthia McQuirk, and she confirmed that the 26 names in question, as testified by Cynthia McQuirk, were not on the microfiche; that she received from Cynthia McQuirk the original voter registration affidavits which had been filed between the 10th and 22nd days of July and that on the 25th day

of July she physically checked all the original affidavits of registration which were given her against Blaine's nomination petitions, and that she did not find any of the names of the 26 signers of the nomination petitions in question among the original affidavits of registration.

Blaine argues from the decision of Renck v. Superior Court, 66 Ariz. 320, 187 P.2d 656 (1947) that a showing of insufficient signatures on a petition must be by "clear and convincing" evidence before a court is justified in keeping the name of a candidate off the ballot, and that doubts concerning the validity of signatures should be resolved in favor of the candidate. We accept Blaine's interpretation of the law, but we think the judgment of the trial judge who found from the evidence that there was no evidence of registration for the 26 signers in question must be accepted by this Court, even though some of the crucial evidence was produced through the lips of an interested person.

A trial court sitting without a jury is the judge of the witness' credibility and the weight of the evidence and the reasonable inferences to be drawn therefrom. Jackson v. Griffin, 39 Ariz. 183, 4 P.2d 900 (1931). Findings of fact by a trial court will not be disturbed on appeal when the credibility of witnesses is involved unless it appears, which it does not here, that the trial judge was clearly wrong. Gillespie Land and Irrigation Company v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945). Moreover, findings of fact made by a trial court will not be set aside unless clearly erroneous and due regard will be given at the appellate level to the opportunity of the trial court to judge the credibility of witnesses. Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961). And *see* Aztec Film Productions v. Tucson Gas and Electric Company, 11 Ariz.App. 241, 463 P.2d 547 (1970); B. S. & K. Mining Company v. American Smelting and Refining Company, 10 Ariz.App. 585, 461 P.2d 93 (1970).

The judgment of the court below is affirmed.

Note: In the absence of Chief Justice JACK D. H. HAYS from the State, Judge LEVI RAY HAIRE, Court of Appeals, Division One, was called to sit in his stead.