SUPREME COURT OF ARIZONA

FILED

AUG 1 0 2004

NOEL K. DESSAINT
CLERK SUPREME COURT
BY

MARTIN LEPIRD, SR.,            )  Arizona Supreme Court
                              )  No.  CV-04-0239-AP/EL
         Plaintiff-Appellant, )
                              )  Pima County
              v.              )  Superior Court
                              )  No.  C-2004-3318
PIMA COUNTY BOARD OF SUPERVISORS, )
RAY CARROLL, ANN DAY, SHARON      )
BRONSON, RICHARD ELIAS, RAMON     )
VALADEZ; CLERK OF THE BOARD OF    )  **MEMORANDUM DECISION**
SUPERVISORS, LORI GODOSHIAN;      )
DIRECTOR OF THE PIMA COUNTY       )  (Not for Publication
DIVISION OF ELECTIONS, BRAD       )  Ariz. R. Sup. Ct. 111)
NELSON; AND COUNTY RECORDER, F.   )
ANN RODRIGUEZ,               )
                              )
       Defendants-Appellees, )
                              )
            and            )
                              )
DAVID LESTER,               )
                              )
Defendant-Real Party in Interest. )
_____ )

Appeal from the Superior Court in Pima County
The Honorable Paul E. Tang, Judge

**AFFIRMED**

---

MICHAEL AARON HARWIN, P.C.                             Tucson
     by    Noah J. Van Amburg
Attorney for Plaintiff-Appellant

BARBARA LaWALL, PIMA COUNTY ATTORNEY'S OFFICE       Tucson
     by    Karen S. Friar, Deputy Pima County Attorney
     and   Christopher L. Straub, Deputy Pima County Attorney
Attorneys for Defendants-Appellees

ELLINWOOD & PLOWMAN, L.L.P.                              Tucson
      by    Ralph E. Ellinwood
Attorneys for Defendant-Real Party in Interest

---

**B E R C H**, Justice

¶1        This case involves a challenge by incumbent Martin
Lepird, Sr., to the nomination petitions filed by challenger
David Lester for the position of Constable of the Pima County
Justice Precinct No. 1.  Following a hearing and oral argument
in superior court, the judge found that Lepird had proved by
clear and convincing evidence that Lester falsely certified that
he had witnessed each signature on six petitions.  Relying on
*Brousseau v. Fitgerald*, 138 Ariz. 453, 675 P.2d 713 (1984), the
trial judge invalidated those petitions in their entirety.
Those six petitions are not involved in this appeal.[1]

¶2        Lepird also challenged forty-eight other petitions
that bear Lester's signature as the circulator.  Lepird called
Lester to testify regarding the circulation and certification of
the petitions in question, but Lester invoked his Fifth
Amendment privilege against self-incrimination and refused to
answer any questions.  Lepird presented no other evidence

---

[1]    Lepird, the incumbent, challenged Lester's nominating
petitions, which contain 1095 signatures.  The parties agree
that Lester needs only 573 valid signatures to remain on the
primary ballot.  The Pima County Elections Director determined
that 322 signatures were invalid, leaving 773 presumptively
valid signatures.

regarding the forty-eight contested petitions.

¶3        The trial judge, declining to draw any negative inference from Lester's assertion of the privilege, found that Lepird had failed to prove by clear and convincing evidence that the forty-eight contested petitions were invalid.

¶4        Lepird has appealed pursuant to Arizona Revised Statutes ("A.R.S.") § 16-351(A) (Supp. 2003), alleging that the trial judge erred in two respects:  first, in concluding that he could not draw a negative inference from Lester's assertion of the privilege against self-incrimination,[2] and, second, in refusing to infer from Lester's fraudulent certification of the six petitions that his certifications of the remaining forty-eight were also fraudulent.  On July 16, 2004, this court issued an order affirming the trial court's judgment.  By this memorandum decision, we now explain our previous order.

¶5        We agree with Lepird that the trial judge erred in determining that he could not draw a negative inference from Lester's invocation of his Fifth Amendment privilege.  As this court observed in an earlier election fraud case, an inference that "testimony would have been unfavorable" may be drawn from the invocation, in a civil case, of the privilege against self-

---

[2]    Lester argues that Lepird waived this argument. The record demonstrates that it was adequately preserved.

incrimination. *Buzard v. Griffin*, 89 Ariz. 42, 48, 358 P.2d 155, 158 (1960) (citing 8 *Wigmore on Evidence* § 2272 (3d ed. Supp. 1957)); *see also Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). The trial judge therefore could have inferred from Lester's refusal to answer questions that the answers would have harmed Lester's case. But Lepird was required to prove the invalidity of Lester's petitions by clear and convincing evidence. *See Blaine v. McSpadden*, 111 Ariz. 147, 149, 526 P.2d 390, 392 (1974). Any negative inference that could be drawn from Lester's invocation of his Fifth Amendment privilege cannot alone meet that burden of proof. *See Baxter*, 425 U.S. at 317-18.

¶6 Lepird next argues that because the trial judge found by clear and convincing evidence that Lester had falsely sworn to have witnessed signatures on six petitions, he should have inferred from this fact that Lester also falsely verified the remaining forty-eight petitions. For this proposition he relies upon *Brousseau*, 138 Ariz. at 453, 675 P.2d at 713, in which this court held void petitions on which some signatures had been falsely certified. He urges that *Brousseau* requires that we invalidate the remaining forty-eight petitions certified by Lester. *Brousseau*, however, invalidated only the petitions on which a showing of fraud had been made as to some signatures on

- 4 -

each petition. *Id.* at 456, 675 P.2d at 716. It did not address petitions other than those containing the false certifications. *Id.*

¶7    Lepird asserts that the principle of *Brousseau* should be extended to cover this case and invalidate the remaining forty-eight petitions. He relies upon the reasoning contained in a line of New York election cases that have held to similar effect. *See Weisberger v. Cohen*, 22 N.Y.S.2d 835, 836 (App. Div. 1940) (affirming lower court's determination that at least three authenticators submitted signature sheets containing forgeries and other irregularities was, in the absence of evidence demonstrating the validity of the other signatures, sufficient to invalidate the entire petition); *Bloom v. Power*, 193 N.Y.S.2d 697 (Sup. Ct. 1959) (invalidating entire petition because candidate submitted sheets with signatures he knew to be invalid); *In re Burns*, 106 N.Y.S.2d 993 (Sup. Ct. 1951) (invalidating all sheets submitted by an authenticator who submitted several sheets with irregularities, in absence of proof that signatures were valid); *Collins v. Heffernan*, 63 N.Y.S.2d 692 (Sup. Ct. 1946) (invalidating a petition for misfeasance of "agents, employees and friends" in changing dates on the petition). We decline to adopt such a blanket rule, preferring that challengers establish as a matter of proof in

- 5 -

each case whether petitions are invalid.[3]

¶8 We are left with a situation in which Lepird has shown that Lester falsely certified six petitions. As to the remaining forty-eight, which were circulated earlier in time than the six the trial judge invalidated, the only evidence before the trial judge was any negative inference that might be drawn from Lester's refusal to testify. Because that inference alone cannot establish by clear and convincing evidence that Lester had falsely certified that he had witnessed the signatures on the remaining forty-eight petitions, we conclude that the judgment of the trial court was not in error.

¶9 Our conclusion is bolstered by the fact that Lepird could have presented evidence to establish that Lester did not witness the signatures. He chose not to do so, but instead relied upon his opponent's testimony to establish the case.

¶10 Moreover, whenever there is doubt that a litigant has established his petition challenge, we prefer to give effect to the voters' intent in signing nomination petitions. The effect of this ruling is that the voters will have a chance to say

_____

[3] Although Lepird argued that all petitions should be invalidated based upon the finding that signatures on six petitions were falsely certified, he did not argue that the finding of fraud on some should shift the burden of proof to Lester as to the remaining forty-eight petitions. We therefore leave that question for another day.

- 6 -

whether they want to have Lester serve as constable.[4]

¶11     Finally, we note that Lepird may, as part of his campaign, inform the voters that the trial court found by clear and convincing evidence that Lester fraudulently verified six petitions and filed them with a government agency.  He may point out that such conduct goes to the essence of a constable's job: serving process and verifying service by filing sworn documents in court.

**CONCLUSION**

¶12     We affirm the ruling of the trial court that Appellant Lepird has failed to prove by clear and convincing evidence that Lester fraudulently circulated the forty-eight petitions at issue.  The judgment of the trial court is affirmed.

_____
Rebecca White Berch, Justice


CONCURRING:

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice


* Pursuant to Article 6, Section 2 of the Arizona Constitution, this case was heard by a panel of three justices of this court.

_____

[4]     There are other sanctions available for fraudulent filings, ones that do not penalize the voters.