SUPREME COURT OF ARIZONA
En Banc

KRISTOFER M. SIPPEL,               )  Arizona Supreme Court
                                   )  No.  CV-05-0004-AP/EL
                Plaintiff/Appellee, )
                                   )  Pinal County
                    v.             )  Superior Court
                                   )  No.  CV-200401483
ELLIOTT E. FISHER,                 )
                                   )
            Defendant/Appellant,   )  **MEMORANDUM DECISION**
                                   )
                and                )  (Not for publication
                                   )  Ariz. R. Sup. Ct. 111)
LAURA DEAN-LYTLE, LIONEL RUIZ,     )
SANDIE SMITH, JIMMIE KERR, and     )
KATHY CONNELLY,                    )
                                   )
            Defendants/Appellees.  )
_____)

Appeal from the Superior Court in Pinal County
The Honorable Janna L. Vanderpool, Judge

**AFFIRMED**

---

Kristofer M. Sippel                              Apache Junction
Plaintiff/Appellee, pro se

Elliott E. Fisher                                Apache Junction
Defendant/Appellant, pro se

ROBERT CARTER OLSON, PINAL COUNTY ATTORNEY                Florence
    by   William H. McLean, Chief Civil Deputy County Attorney
    and  Chris M. Roll, Deputy County Attorney
Attorneys for Defendants/Appellees
    Dean-Lytle, Ruiz, Smith, and Kerr

RICHARD JOEL STERN, APACHE JUNCTION
    CITY ATTORNEY                                 Apache Junction
Attorneys for Defendant/Appellee Connelly

---

**B E R C H**, Justice

¶1      This case involves a challenge by Kristofer M. Sippel to the nomination petitions filed by Elliott E. Fisher for the position of Mayor of the City of Apache Junction.  Fisher contends that the trial court erred in holding that several signatures on his petitions were not valid, leaving him with insufficient signatures to qualify for a place on the ballot.  Fisher appealed the superior court's ruling on several grounds.  Because of the time constraints in this accelerated election appeal, we previously issued an order affirming the judgment of the superior court set forth in its signed Minute Entry.  We stated that a written decision would follow explaining this court's ruling.  This is that decision.

## FACTS AND PROCEDURAL HISTORY

¶2      On December 8, 2004, Fisher filed his nominating petitions to run for the office of Mayor of Apache Junction.  He turned in eight petitions containing a total of 109 signatures.  To qualify for the ballot, Fisher needed a minimum of 101 signatures from qualified electors.  Thus, Fisher submitted eight signatures more than the minimum necessary to qualify for the ballot.

¶3      On December 17, 2004, Sippel, an Apache Junction City Council Member, challenged twenty-two signatures on Fisher's nominating petitions, pursuant to Arizona Revised Statutes

- 2 -

("A.R.S.") § 16-351 (Supp. 2004). Sippel alleged that, without these signatures, Fisher did not qualify as a candidate for the primary race to be held on March 8, 2005. Sippel's motion to challenge Fisher's nominating petitions included an affidavit from fellow Apache Junction City Council Member David Waldron, which listed the twenty-two allegedly invalid signatures.

¶4        Pinal County Superior Court Judge Janna L. Vanderpool held a hearing on December 27, 2004, to address Sippel's allegations. Sippel and Fisher attended the hearing, as did Pinal County Recorder Laura Dean-Lytle, and Apache Junction City Clerk Kathy Connelly. Both Dean-Lytle and Connelly testified regarding the election process and requirements for the city election. Dean-Lytle further testified that, of the twenty-two signatures Sippel challenged, only six were valid, leaving sixteen invalid signatures. Fisher cross-examined Dean-Lytle and Connelly, but, despite having received notice of the hearing, did not call any qualified witnesses of his own.

¶5        The judge found that sixteen signers of Fisher's nominating petitions were not qualified voters in Apache Junction, leaving Fisher with only ninety-three valid signatures. The judge therefore concluded that Fisher failed to produce a sufficient

number of valid signatures to qualify for the primary ballot.[1] Fisher filed a timely appeal.

DISCUSSION

**A.    Standard of Review**

¶6      Actions challenging signatures on a nominating petition pursuant to A.R.S. § 16-351 are much like motions for injunctive relief. *See Mandraes v. Hungerford*, 127 Ariz. 585, 587, 623 P.2d 15, 17 (1981). This court reviews a trial court's decision to grant or deny a motion for injunctive relief for abuse of discretion, *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366, ¶ 9, 982 P.2d 1277, 1280 (1999), reviews its factual findings for clear error, *id.*, and reviews its legal conclusions *de novo*, *Open Primary Elections Now v. Bayless*, 193 Ariz. 43, 46, ¶ 9, 969 P.2d 649, 652 (1998).

**B.    Sufficiency of the Evidence**

¶7      The primary issue in this case is whether Fisher's nominating petitions contained a sufficient number of valid signatures to qualify Fisher to run for mayor in the city's March 2005 primary election. Fisher claims that Sippel failed to prove by clear and convincing evidence that sixteen of the challenged signatures were invalid. *See Blaine v. McSpadden*, 111 Ariz. 147, 149, 526 P.2d 390, 392 (1974) (requiring clear and convincing

---

[1]     In future election cases, the trial judge's minute entry should clearly reflect that findings were made upon clear and convincing evidence.

evidence). Fisher argues that the evidence was insufficient because Waldron's notarized affidavit was not an official document,[2] and because the affidavit erroneously stated that twenty-two signatures were invalid, when in fact only sixteen were invalid.

¶8        Sippel's case did not rely solely on Waldron's affidavit, however. In addition, Sippel presented the uncontroverted testimony of Pinal County Recorder Dean-Lytle, which clearly established that sixteen of Fisher's signatures were from individuals who could not vote in the city's mayoral contest. Fisher failed to rebut that evidence. Thus the trial judge did not clearly err in finding that clear and convincing evidence demonstrated that Fisher's petition lacked sufficient valid signatures.

¶9        Fisher did not present any witnesses or provide other evidence to rebut Sippel's evidence that those sixteen signatures were invalid. On appeal, Fisher argues that the judge erred in not allowing him to call any witnesses. The record shows, however, that Fisher neither subpoenaed any witnesses for the scheduled hearing nor made an offer of proof establishing that the witnesses he wished to call would provide any relevant testimony. Moreover, regarding the persons whose signatures were challenged,

---

[2]    *See infra* § C, Pleadings Requirements (discussing the sufficiency of Sippel's motion).

the judge concluded that even if they testified as to their good-faith belief that they were qualified voters in Apache Junction, such evidence would not effectively rebut the evidence that they were not qualified, because the statute defines a registered voter as one whose name appears on the county voter registration list. A.R.S. § 16-161 (1996); *see* A.R.S. § 16-351(E) (Supp. 2004) (stating that the county voter register "shall constitute the official record to be used to determine" whether a signer is a qualified elector). For that reason, and because December 27th was the scheduled hearing date, the judge denied Fisher's request to postpone the hearing so that he could subpoena those sixteen individuals.

¶10 At the hearing, Fisher also sought to call William O'Neil, the presiding judge of Pinal County Superior Court, to testify about a 1997 election case involving Fisher, over which Judge O'Neil presided. Judge Vanderpool correctly concluded that the testimony regarding an eight-year-old case involving a different election cycle would shed no light on whether the challenged signatures on Fisher's nominating petitions for the 2005 election were valid.

¶11 Thus, Judge Vanderpool did not abuse her discretion in denying Fisher's request to call these witnesses. The judge appropriately weighed the evidence presented at the hearing and found that Sippel had proven by clear and convincing evidence that

Fisher did not have sufficient signatures on his nominating petitions to qualify for the primary ballot.

**C.    Pleadings Requirements**

¶12      Fisher also argues that Sippel's motion challenging Fisher's nominating petitions failed to meet the statutory requirements of A.R.S. § 16-351(A).  He claims that Waldron's affidavit provided an insufficient basis to challenge his nominating petitions under A.R.S. § 16-351 and that Sippel failed to attach an official voter registration document from the county recorder.

¶13      Section 16-351(A) sets forth the requirements for challenging a candidate's nominating petitions.  It requires a challenger to "specify in the action the petition number, line number and basis for the challenge for each signature being challenged."  *Id.*  The affidavit submitted with Sippel's motion carefully spells out Fisher's petition number, the line number, the signer's name, and the basis for each of Sippel's challenges. The statute does not require the challenger to attach certified documents from the county recorder regarding the invalidity of the challenged signatures, as Fisher argues Sippel should have done, or cite the statutory basis for the challenge.  Thus the trial judge did not err in ruling that Sippel's motion satisfied the statutory requirements.

**D.    Statements of the Deputy County Attorney**

¶14        Fisher further alleges that Judge Vanderpool abused her discretion by allowing the Deputy Pinal County Attorney to argue on behalf of Sippel.   Fisher complains that during the December 27th hearing, the judge twice allowed Deputy County Attorney William McLean "to speak for the Appellee Sippel."   In the first instance, McLean objected to Fisher's cross-examination of Pinal County Recorder Dean-Lytle on the ground that Fisher was badgering the witness.   The record shows that on that occasion McLean was not speaking on behalf of Sippel, but rather was attempting to protect his client from aggressive questioning.   In the second instance, McLean addressed the court regarding the issue at hand. He stated that he was not "argu[ing] either for Mr. Sippel or for Mr. Fisher."   Because the county is a named party to the action, it was appropriate for McLean to represent the county and make arguments on behalf of his client.   Judge Vanderpool did not abuse her discretion in allowing him to speak.

**E.    Denial of Fisher's Motion to Dismiss**

¶15        Fisher next complains that the trial judge erred in denying his motion to dismiss Sippel's action.   But Fisher's motion to dismiss provides no legal basis for dismissing Sippel's action.   Fisher's motion asserts that Sippel was "impetuous" in filing his petition, that Sippel failed to cite the statute under which he brought his action, that he improperly took four days to

file his challenge, and that he made spelling mistakes in his motion. Fisher failed to develop any legal argument justifying dismissal of Sippel's action, and thus the judge acted within her discretion in denying his motion.[3]

¶16     Arizona is a notice pleading state. *See* Ariz. R. Civ. P. 8(a). Arizona courts do not dismiss actions for misspellings or for failure to cite statutes if citation is not required by law. Section 16-351(A), the statute underlying this action, does not require citation. As long as actions are timely filed and state a claim, they will not be dismissed for having been filed impetuously. Thus, because Sippel filed his action within the period allowed by law, stated a claim, and met statutory requirements, the court did not err in denying Fisher's motion to dismiss.

## F.   Judge Vanderpool's Impartiality

¶17     Fisher alleges that the trial judge violated Arizona Supreme Court Rule 81, the Arizona Code of Judicial Conduct, because she was not impartial in this proceeding. To the contrary, the record shows that Judge Vanderpool was judicious and patient with Fisher, who appeared pro se. She explained procedures and rules of evidence to him, protecting his due

---

[3]     Fisher did not file an answer to Sippel's motion. His motion to dismiss, however, does not properly fit into any of the Rule 12(b) categories. *See* Ariz. R. Civ. P. 12(b). For this reason as well, the trial judge acted appropriately in dismissing Fisher's motion.

process rights, and occasionally allowing him to speak out of turn. Indeed, the record shows that the trial judge attempted to ensure that Fisher received a fair hearing. Thus, Fisher has not met his burden of establishing a violation of Rule 81.

## G. Irreparable Harm

¶18 Fisher claims that Sippel "cannot show irreparable harm." The statute, however, does not require a showing of irreparable harm for a challenge to a nominating petition. *See* A.R.S. § 16-351. The judge, therefore, did not err in not requiring such a showing.

## H. Laches

¶19 Fisher claims that Sippel's motion should be barred by the doctrine of laches because Sippel waited four days after Fisher filed his nominating petitions before challenging the signatures on them. A challenge may be filed up to ten days after the final day for filing petitions has passed. A.R.S. § 16-351(A). Sippel therefore acted in accordance with the statute and did not unnecessarily or prejudicially delay in filing his challenge. The trial judge did not abuse her discretion in finding that the action was not barred by laches.

## CONCLUSION

¶20 We affirm the ruling of the trial court that Sippel has proved by clear and convincing evidence that Fisher's nominating petitions did not contain a sufficient number of valid signatures

to qualify Fisher for the Apache Junction mayoral primary race to be held on March 8, 2005. We also affirm the trial court's ruling denying Fisher's motion to dismiss. The judgment of the trial court is affirmed.

_____
Rebecca White Berch, Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice