445 P.2d 833

Gustave BALON and Jane Doe Balon, husband and wife, Appellants (Respondents),

v.

**HOTEL & RESTAURANT SUPPLIES, INC.,** an Arizona corporation, Appellee (Petitioner).

No. 9178–PR.

Supreme Court of Arizona.

In Banc.

Oct. 11, 1968.

Rehearing Denied Nov. 19, 1968.

Royal & Carlson, Tucson, for appellants (respondents).

Silver, Silver, Ettinger & Karp, Tucson, for appellee (petitioner).

UDALL, Vice Chief Justice:

We have granted a petition to review the judgment of the Court of Appeals, Division 2, 6 Ariz.App. 481, 433 P.2d 661, rendered on the 16th day of November, 1967.

The judgment of the court of appeals is vacated and the judgment of the Superior Court of Pima County is affirmed.

Hotel & Restaurant Supplies, Inc., the plaintiff below, and appellee herein, entered into a written contract for the sale and installation of restaurant equipment, much of which was to be specially designed, with the appellants Balon. The printed contracts initially provided:

"All the above items furnished and set in place as stated above for the sum of ($19,950.00) Nineteen thousand nine hundred fifty and no/100 Dollars plus sales tax."

Before execution of the contract, however, and following a bargaining discussion wherein the buyer stated he was of the opinion the equipment could be procured from another supplier for $19,000, the above-quoted clause of the contract was stricken and the following words and figures written in by the seller's agent: "Nineteen hundred and no/100ths Dollars ($1900.00)." Both buyer and seller's agent initialed this penned amendment.

The written contract is silent on the questions of time for delivery and time for payment. It was the seller's intention, however, and its evidence that immediately after the time of signing the contract the parties agreed that the buyers would pay $500 "now" and $10,000 after some of the merchandise had been delivered. This evidence was refuted by the buyers and their contention was that payment was due when the job was complete and satisfactory.

The evidence is undisputed that the $500 was never paid, and when demand was

made for payment of $10,000—at a time when a quantity of the items purchased had not yet been delivered—the buyers refused and the seller thereafter refused to go ahead with the contract. After giving notice of rescission buyers purchased the balance of their equipment elsewhere and this suit was instituted by the sellers.

Trial was had before the court without a jury and judgment was rendered in favor of the Hotel & Restaurant Supplies, Inc., in the amount of $4,070.00. No specific findings of fact or conclusions of law were requested or made by the court. It is inherent, however, that the trial court found the initial contract to be $19,000, rather than $1900.00; believed the plaintiff's evidence as to time of payment; believed that plaintiff's conduct in refusing to continue to perform the contract, after payment of the $10,000 was refused, was justified; and found from the evidence that at the time of the unjustified rescission by buyers the seller's damage amounted to $4,070.00.

■ We believe, as did the court of appeals, that there was sufficient evidence in the record to support the trial court's finding that the expression of $1900.00 in the written contract was a clear mistake and that the manifested intention of the parties—as shown by all of the circumstances—was a bargained-for consideration of $19,000.00.

■ It is with the balance of the court of appeals decision that we take issue. Where no time of payment or delivery is specified in a contract the law, both at common law and under our statutory law as it existed at the time this contract was entered into, *creates a rebuttable presumption* that the time of payment is concurrent with the delivery of the goods. A.R.S. § 44–242, a section of the Uniform Sales Act then in effect in this state, provided:

"*Unless otherwise agreed,* delivery of the goods and payment of the price are concurrent conditions; that is to say, the seller must be ready and willing to give possession of the goods to the buyer in

exchange for the price and the buyer must be ready and willing to pay the price in exchange for possession of the goods." [Emphasis added]

■ There was evidence in this case, submitted by the plaintiff, from which the trial court could find that the parties had *"otherwise agreed"*. There is nothing in A.R.S. § 44–242 which stipulates that such an agreement must be in writing nor is there any such holding in American Law Institute's "Restatement of Contracts" section 240, clause 1–b, and we find on our reading of 4 Williston on Contracts, section 640, pps. 1051 to 1063, that parol evidence may be admissible to rebut the presumption that payment becomes due when the goods are delivered. To like effect, see 3 Corbin on Contracts, section 593, pages 555 to 564.

Section 240 of the Restatement of Contracts, dealing with the subject "In What Cases Integration Does Not Affect Prior or Contemporaneous Agreements" states:

"(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

"(a) * * *

"(b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract."

\*    \*    \*    \*    \*    \*

Under the illustrations of clause (1) (b) is given the following:

"4. A and B in an integrated contract respectively promise to sell and to buy specified goods. No time or place for delivery is specified. If no agreement is made as to these matters the rule of law is that the goods are deliverable in a reasonable time at the seller's place of business. A contemporaneous oral agreement that the goods shall be delivered within thirty days, at the buyer's place of business, is operative."

Professor Corbin, at § 593, supra, had this to say:

"Suppose, however, that the parties did in fact think of these matters and orally agreed upon a specific time for payment and a definite time and place for delivery of goods making this oral agreement simultaneously with the execution of a writing that states all the other terms of the selling agreement. Does the 'parol evidence rule' prevent the enforcement of the oral agreement as to time and place, on the ground that it contradicts and varies a completely integrated written contract? The cases show that the courts have floundered and disagreed in answering this question. The answer should be No; the the writing is only a partial integration.

\*   \*   \*   \*   \*   \*

" \* \* \*. By the weight of authority, supported by the better reason, oral testimony is admissible to prove that a time or place was agreed on and to rebut the usual presumptions and inferences that would otherwise prevail. \* \* \*."

For numerous cases upholding this view, see footnote 87, page 557 in Corbin on Contracts, supra.

Professor Williston, in his treatise on Contracts, cited supra, offers severe criticism of the theory that the law governing a contract [A.R.S. § 44–242] is necessarily adopted into the contract as part of its terms and quotes at length from the leading case of Kansas City Bridge Co. v. Kansas City Structural Steel Co., 317 S.W. 2d 370, 85 A.L.R.2d 1252, wherein that court said, at page 375:

" \* \* \*. Now, if it was proper for the jury to find from that testimony [of the witnesses] \* \* \* that plaintiff and defendant did in fact agree as to a specific time of performance, then it would seem entirely fictitious and unjust to say, as a matter of law and in direct contradiction of the fact, that the parties did not agree on a specific time but intended to and did leave the time-of-performance provision to be supplied by a conclusive nonrebuttable legal presumption of a reasonable time. A rule which, in this case, would prohibit the jury from considering the testimony concerning the prior oral agreement as to time of performance and to determine therefrom whether that prior oral agreement was in fact made and, if so, whether it was in fact a part of the total contract between the parties, would, it seems to us, prevent the jury from considering evidence which should be considered by it in deciding the rights of the parties under all the evidence." p. 375.

■ A fictitious inference of law created to fill gaps in written contracts should not be held paramount over the express manifestations of intent of the parties. If two persons agree that payment will be ten days after delivery and do not put it in the written instrument, is a court then to impose a fiction to reach a result contrary to their clear and manifested intentions? Of course not.

A.R.S. § 44–242, supra provides that the delivery of the goods and payment of the purchase price are concurrent *"unless otherwise agreed."* If it were intended that the agreement must be in writing there is no reason the statute should not so state.

■ The trial judge, as the trier of fact as well as law, properly considered the testimony concerning time of payment as this did not vary the terms of the contract but filled a gap therein. He also is in a position to judge the credibility of the witnesses and to determine from the evidence whether an oral agreement, collateral to the language of the contract, has been made.

■■ On appeal from a judgment of a court sitting without a jury and not required to make findings of fact and conclusions of law, all reasonable inferences must be taken in favor of appellee, and if there is any evidence to support the judgment it must be affirmed. Nalbandian v. Byron Jackson Pumps, Inc., 97 Ariz. 280, 399 P.2d 681 (1965); Goode v. Powers, 97 Ariz. 75, 397 P.2d 56 (1964);

478

Gabitzsch v. Cole, 95 Ariz. 15, 386 P.2d 23 (1963); State Tax Commission v. Graybar Electric Co., 86 Ariz. 253, 344 P.2d 1008 (1959). We hold that there was sufficient evidence before the court to support its judgment and that judgment and award of damages is accordingly affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.