567 P.2d 1216

**PARAGON BUILDING CORPORATION, an Arizona Corporation, Appellant,**

v.

**BANKERS TRUST COMPANY, a New York Banking Corporation, Appellee.**

No. 2 CA–CIV 2434.

Court of Appeals of Arizona, Division 2.

May 17, 1977.

Rehearing Denied June 30, 1977.

Review Denied July 12, 1977.

88

S. Leonard Scheff, Tucson, for appellant.

Silverstone & Stern by Lawrence H. Fleischman, Tucson, for appellee.

OPINION

RICHMOND, Judge.

Bankers Trust Company as assignee of a carpet manufacturer was awarded judgment on an unpaid account against Paragon Building Corporation, one of two joint ven-turers that undertook construction of the apartment complex in which the manufac-turer's product was installed. Paragon on appeal argues that the evidence provided no basis for its liability on the unpaid account, and in the alternative that the claim should have been dismissed for failure of Bankers Trust to engage in discovery proceedings in good faith.

As to Paragon's first contention, there was competent evidence to support the judgment of the trial court, and, inas-much as the court was not required to make findings of fact and conclusions of law, all reasonable inferences must be taken in fa-vor of the prevailing party. *Balon v. Hotel & Restaurant Supplies, Inc.*, 103 Ariz. 474, 445 P.2d 833 (1968). The construction con-tract and carpeting subcontract were evi-dence of the joint venture's obligations to provide the carpeting, and the purchase or-ders were evidence that the carpeting was to be billed to the joint venture. A carpet change order was executed by Paragon, and partial payments were made by joint ven-ture checks. A joint venture is a form of partnership, *Ellingson v. Sloan*, 22 Ariz. App. 383, 527 P.2d 1100 (1974), and a joint venturer like other partners is liable to third parties for debts of the partnership. *Rae v. Cameron*, 112 Mont. 159, 114 P.2d 1060 (1941); 46 Am.Jur.2d, Joint Ventures, § 57 (1969).

Paragon argues that its liability is pre-cluded by evidence that the carpet manu-facturer looked to a third party for pay-ment of the account. Even if the third party's promise of payment alone might have been sufficient consideration for the extension of credit, it would not absolve Paragon once the trial court found that the joint venture also was bound. *See Fluor Corp. v. United States ex rel. Mosher Steel Co.*, 405 F.2d 823 (9th Cir. 1969).

Paragon cites no legal authority for the argument that its motion to dismiss "for failure to engage in discovery proce-dures" should have been granted. The rec-ord reflects no abuse of the trial court's discretion. *See Greco v. Manolakos*, 24

Ariz.App. 490, 539 P.2d 964 (1975). Upon production at trial of the materials that it contends should have been produced earlier, Paragon did not move for a continuance for the additional discovery it now argues it should have been afforded the opportunity to undertake. It cannot now be heard to assert prejudice that might thereby have been obviated.

Affirmed.

HOWARD, C. J. and HATHAWAY, J., concurring.