783 P.2d 833
Christina **GONZALES**,
Plaintiff/Appellant,

v.

**PALO VERDE MENTAL HEALTH SERVICES**, an Arizona corporation; Edward C. Morton and Jane Doe Morton, husband and wife; Earlene Dear and John Doe Dear, wife and husband; Claudia Sperhoff and John Doe Sperhoff, wife and husband, Defendants/Appellees.

No. 2 CA–CV 89–0079.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 30, 1989.

388

Salese & McCarthy, P.C. by Kathleen A. McCarthy and Armand Salese, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild, P.C. by Richard Davis, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Chief Judge.

Appellant Christina Gonzales appeals from the trial court's granting of summary judgment in favor of appellees Palo Verde Mental Health Services, Edward Morton, Earlene Dear and Claudia Sperhoff on eight of her nine causes of action. We affirm.

In March 1984 Gonzales, who was then 16, was admitted to Palo Verde Hospital because she was suicidal. At the time she had been in a day program at the hospital for several weeks. In 1980, when she was 13, she had been hospitalized for alcohol detoxification. She was hospitalized three times in 1983 for suicide attempts, remaining four months on one occasion and two months on another. Gonzales suffered from severe emotional problems because of her father's suicide when she was 12, because of repeated instances of sexual abuse by several relatives and because of her poor relationship with her mother.

Gonzales remained at Palo Verde from March 23 through May 23, 1984. In early May she was adjudicated a dependent child and was placed in the custody of the Department of Economic Security (DES). When she was discharged, she became the foster child of Alice and Charles Lemme. Alice Lemme was Gonzales's case manager and an employee of Palo Verde. Because of the difficulty in locating a foster home for Gonzales, Lemme obtained permission from appellee Morton, the executive vice president and chief operating officer of Palo Verde, to act as Gonzales's foster mother. That permission was required because the Palo Verde Employee's Handbook prohibited an employee from engaging in personal or social relationships with patients. When she became Gonzales's foster mother, Lemme ceased being her case manager.

Gonzales remained at the Lemmes from May 23 through June 27 and returned to the day program at Palo Verde on June 1. On June 27 she was readmitted to the hospital with a request to be committed to the Arizona State Hospital because of her suicidal feelings. A commitment petition was filed by DES, and a hearing was held on July 2. At the hearing, Gonzales's attorney asked for a continuance on the ground that Gonzales had improved since her rehospitalization and that another week of hospitalization could assist in a determination of whether the improvement was permanent. The court denied the motion. Two psychiatrists testified and recommended that she be committed. Lemme testified that Gonzales had shown improvement during her visit the previous day and that Gonzales had told Lemme she no longer needed to be at the state hospital. Lemme indicated she was willing to have Gonzales return to her home.

As a result of the testimony, the court continued the hearing to permit the doctors to confer with Lemme to resolve the conflict in the evaluations of Gonzales's condition. The next day appellee Dear, the director of social services at Palo Verde, terminated Lemme's employment as a probationary employee because of Lemme's

conflict between her personal and professional life. Apparently Dear was angered because Lemme had not informed Palo Verde prior to the hearing that Gonzales no longer wished to be committed to the state hospital. Lemme testified in a deposition that she had been told that the hospital was embarrassed by her testimony at the commitment hearing.

On July 9 the court denied the commitment petition and permitted Gonzales to return to the Lemmes' home. She was discharged from Palo Verde on July 12, went on a week's vacation with the Lemmes and returned to Palo Verde's day care program on July 23. Because of previous difficulties in the program, Gonzales was asked to sign a contract detailing her obligations under the program. Gonzales refused to sign the contract until the second day. She was discharged from the program on July 27 because of her failure to comply with her contract. There is no indication in the day program notes contained in the record that her termination from the program was connected in any way with Lemme's firing.

Gonzales remained at the Lemmes until September 17, when she stuck her fist through a window, destroyed furniture and attacked Charles Lemme. She was admitted to Tucson Psychiatric Hospital and on September 25 was committed to the Arizona State Hospital. DES terminated the foster care arrangement with the Lemmes in November 1984.

Lemme sued Palo Verde for firing her because of her testimony at the July commitment hearing. A jury found that Palo Verde violated public policy and its covenant of good faith and fair dealing with Lemme and awarded her $200,000 in damages.

In October 1987 Gonzales filed this lawsuit. Included in Gonzales's nine causes of action are breach of fiduciary duty, negligence, breach of two third-party beneficiary contracts, outrage, intentional and/or negligent infliction of emotional distress, invasion of right to privacy, loss of consortium, and intentional violation of the statute prohibiting harsh or cruel treatment of mentally disordered persons. The trial court granted appellees summary judgment on all causes of action except the negligence count.

## BREACH OF FIDUCIARY DUTY

■ Gonzales alleges that appellees had a fiduciary relationship with her both because she was their patient and because they had consented to Lemme's serving as her foster mother. Gonzales alleges they breached that duty by firing Lemme in violation of public policy. It is undisputed that a patient has a fiduciary relationship with his or her doctor. *Hales v. Pittman*, 118 Ariz. 305, 576 P.2d 493 (1978) and *Laubner v. Altick*, 9 Ariz.App. 510, 454 P.2d 180 (1969). Gonzales, however, has not sued her physician. She has cited us no authority for her contention that Palo Verde owed her a fiduciary duty, and we have found none. We find no logic in her contention that because a doctor owes a patient a fiduciary duty and because a hospital is subject to the same standard of care in a malpractice action as a doctor, *Faris v. Doctors Hospital, Inc.*, 18 Ariz. App. 264, 501 P.2d 440 (1972), the hospital, therefore, owes a patient a fiduciary duty.

## THIRD–PARTY BENEFICIARY

■ Gonzales alleges, in two causes of action, that she was a third-party beneficiary of two contracts that the hospital breached by firing Lemme—one, the employment contract between Palo Verde and Lemme, and the other, the contract between DES and Palo Verde to provide medical services to Gonzales.

The Arizona rule is that in order for a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself.... The contemplated benefit must be both intentional and direct, ... and 'it must definitely appear that the parties intend to recognize the third party as the primary party in interest.'

*Norton v. First Federal Savings*, 128 Ariz. 176, 178, 624 P.2d 854, 856 (1981), *quoting*

*Irwin v. Murphey*, 81 Ariz. 148, 154, 302 P.2d 534, 538 (1956) (citations omitted). At the time Palo Verde employed Lemme (the exact date does not appear in the record; it was apparently several weeks before Gonzales's March 1984 hospitalization), she was unaware of Gonzales's existence. Thus, it was not possible for her to indicate an intention to benefit Gonzales in agreeing to work for Palo Verde.

■ Gonzales argues that the employment contract was modified by Palo Verde's granting of permission for Lemme to become Gonzales's foster mother and that she became a third-party beneficiary at that point. Although Gonzales had indeed become identified at that point, nevertheless, the purpose of the employment contract remained the same. Even if we assume that the contract was modified, that change did not have the effect of rendering Gonzales the primary party in interest. In fact, the change could not have had that effect because once Lemme became Gonzales's foster mother she ceased to be her case manager. At that point, Lemme's employment contract had no more connection with Gonzales.

■ Gonzales has failed to produce any evidence of the contract between DES and Palo Verde. She merely argues that the contract was for Palo Verde to provide for her mental health and course of treatment and that it breached that contract by firing Lemme after agreeing to permit her to become Gonzales's foster mother. As noted above, we fail to see how Palo Verde's firing of Lemme affected Gonzales's course of treatment. Lemme had ceased to be Gonzales's case manager several weeks before she was fired. In addition, the only evidence we have found in the record as to DES's objectives for Gonzales were for her to be placed in an appropriate foster home. DES placed Gonzales with the Lemmes in May 1984 and did not terminate that placement until November 1984 after Gonzales had been at the Arizona State Hospital for several weeks, months after Lemme was fired by Palo Verde. Thus, we agree with the trial court that Gonzales failed to raise a sufficient factual issue to preclude entry of summary judgment on that cause of action.

## INFLICTION OF EMOTIONAL DISTRESS

■ Gonzales's next two causes of action are for intentional and negligent infliction of emotional distress.

Even if the defendant's acts are done wilfully, intentionally and maliciously with intent to inflict mental suffering and emotional distress, it becomes the duty of the court in the first instance, as society's conscience, to determine whether the acts complained of can be considered as extreme and outrageous conduct in order to state a claim for relief.

*Cluff v. Farmers Insurance Exchange*, 10 Ariz.App. 560, 562, 460 P.2d 666, 668 (1969). The conduct required to support a cause of action for infliction of emotional distress "falls at the very extreme edge of the spectrum of possible conduct." *Watts v. Golden Age Nursing Home*, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). Nothing about Palo Verde's act of firing Lemme raises a cry of "outrageous" with regard to any duty Palo Verde owed to Gonzales. Summary judgment was properly granted on those counts.

## INVASION OF PRIVACY

Gonzales's seventh cause of action alleges that Palo Verde fired Lemme because of her parental relationship with Gonzales, thereby violating Gonzales's right to privacy. That cause of action requires a showing similar to that for a claim for intentional infliction of emotional distress. *Valencia v. Duval Corp.*, 132 Ariz. 348, 645 P.2d 1262 (App.1982). Our determination that Gonzales failed to establish her claim for intentional infliction of emotional distress disposes of this cause of action as well.

## LOSS OF CONSORTIUM

Gonzales alleges that Palo Verde's firing of Lemme caused the disintegration of the Lemme family and her opportunity to be a part of it, thus raising a claim for loss of consortium. She concedes that that claim

is now precluded by the holding in *Villareal v. State, Department of Transportation*, 160 Ariz. 474, 774 P.2d 213 (1989).

## STATUTORY VIOLATION

Gonzales's final cause of action alleges that Palo Verde's firing of Lemme was a violation of public policy that constituted cruel and harsh treatment in neglect of its duty toward a mentally disordered person. She argues on appeal that that conduct violated A.R.S. § 36–517, thus giving rise to a private cause of action under § 36–516. Section 36–517 makes it a misdemeanor for a person to give harsh or cruel treatment toward a mentally disordered person. Section 36–516 provides for a cause of action for "[a]ny knowing violation of a person's rights" under the article. The rights enumerated in that article of Chapter 5 of Title 36 include such things as the non-impairment of a patient's civil rights, a patient's hearing rights, right to privacy, right to use personal property, right to confidential records, right to be compensated for work performed for the agency's benefit, and the right to a written treatment program. A.R.S. §§ 36–506, 36–505, 36–507, 36–509, 36–510, 36–511. None of those rights relates to any right to be free from professional malpractice. We see no connection, then, between the statutory cause of action and the allegations made by Gonzales in this lawsuit.

We note that Gonzales's second cause of action for negligence remains pending in the trial court. Her basic arguments that Palo Verde breached the duties it owed her as its patient are encompassed in that cause of action for professional malpractice. The partial summary judgment entered in favor of appellees is affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.