**Jim H. CHERRY, individually and on behalf of a class of persons, Plaintiff—Appellant,**

v.

**BANK OF AMERICA NA, a nationally chartered bank, Defendant— Appellee.**

**Jim H. Cherry, individually and on behalf of a class of persons, Plaintiff—Appellant,**

v.

**Bank of America NA, a nationally chartered bank; John Does, 1–50; Entities, 1–50, Defendants—Appellees.**

Nos. 02–17057, 03–15405.
D.C. No. CV–01–01094–JAT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided March 1, 2004.

Richard F. Faerber, Joseph C. Dolan, Phoenix, AZ. for Plaintiff–Appellant.

Joel Philip Hoxie, Jennifer L. Hadley, Snell & Wilmer, Phoenix, AZ, Richard A. Derevan, Snell & Wilmer, Irvine, CA, Jennifer Hadley Dioguardi, Snell & Wilmer, L.L.P., Phoenix, AZ, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiff-appellant Jim H. Cherry appeals from the district court's dismissal of his complaint and from the court's award of attorneys' fees to defendant-appellee, Bank of America. Cherry is the holder of a "Flight Fund" credit card issued by Bank of America in accordance with its contract with America West Airlines. He claims that he and his putative class are entitled to damages under the Truth in Lending Act, and under state law, in connection with the alleged failure of Bank of America to lower the interest rate on his credit card pursuant to an agreement Bank of America and the airline reached after his credit card was issued.

Cherry claims the district court erred in holding that he was not a third-party beneficiary of the contract between the bank and the airline. The district court did not err. The issue is one of Arizona law. Under Arizona law, a party may recover as a third party beneficiary to a contract only where: 1) the contract itself indicates an intention to benefit the third party; 2) the benefit contemplated is intentional and direct; and 3) the parties to the contract intend to recognize the putative third party beneficiary as the primary party in interest. *Irwin v. Murphey*, 81 Ariz. 148,

302 P.2d 534, 537–38 (1956); *Gonzales v. Palo Verde Mental Health Services*, 162 Ariz. 387, 783 P.2d 833, 835 (1989); *see also Flagstaff Medical Center, Inc. v. Sullivan*, 962 F.2d 879, 892 (9th Cir.1992).

Cherry has not alleged a claim satisfying these requirements. The contract is between the bank and the airline. Its primary purpose is for the benefit of the airline in attracting fliers and the benefit of the bank in attracting profitable credit card customers. There was no intent to benefit preexisting holders of Flight Fund credit cards.

The court also ordered Cherry to pay approximately $41,000 in attorneys' fees to the bank. He claims he should only pay a proportionate share, because his claim purported to be an action to benefit numerous other members of a putative class. It was, however, Cherry's filing of the meritless suit that caused the bank to incur the fees in the first place.

Arizona Revised Statute § 12–341.01 clearly gives the district court the discretion to award fees in a contract action. There was no abuse of discretion here. The district court analyzed the claim fully under the requirements of Arizona law in its February 27, 2003, order. Furthermore, Cherry submitted no affidavit demonstrating hardship as required under Arizona law. *See e.g.*, *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1406 (9th Cir.1996); *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 20 P.3d 1158, 1168 (2001).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.