553 P.2d 1256
Crystal L. GEORGIA, Appellant,

v.

Donald B. GEORGIA, Appellee.

No. I CA–CIV 2709.

Court of Appeals of Arizona,
Division 1,
Department A.

July 1, 1976.

Rehearing Denied Aug. 24, 1976.

Petition for Review Denied Sept. 23, 1976.

Otto H. Linsenmeyer, Phoenix, for appellant.

Thomas L. Wing, Payson, for appellee.

## OPINION

DONOFRIO, Presiding Judge.

This appeal is taken from an order of the trial court wherein the appellee's petition filed August 31, 1973, for modification of custody order was granted.

The court below ordered that the custody of Donald B. Georgia, Jr., (Donnie) be changed from his mother Crystal Georgia (appellant) to his father Donald B. Georgia (appellee).

The facts necessary for the determination of this appeal are as follows.

In December of 1972 the parties, then man and wife, were divorced. At this time the court awarded the custody of the child to the appellant.

Prior to the divorce, the child, who was in first grade, began to have noticeable difficulty in reading and writing. Donnie's teacher brought this problem to the attention of his parents and recommended that Donnie do extra work. Donnie's mother began to work with him at home and continued to confer with his teacher, discussing Donnie's progress.

The appellee, although concerned about his son's "slowness" in school, did not believe that it was a serious problem.

Subsequent to the divorce, the child continued to receive help from his teacher and his mother.

In May of 1973, the child was removed from school, some two weeks before the end of the school year. This happened when appellant went to New York City to see her ailing father.

It was appellant's intention to return to Arizona within a week or two, but she was financially unable to make the return trip. Sometime after this, she decided to make her move to New York permanent.

During the summer, appellee was allowed to have extended visitation rights, and the child was with him in Arizona from July 15, 1973, until the modification hearing in September of 1973. Although the appellant requested the child be returned to her, she allowed the child to remain with appellee to complete the last of a series of psychological tests initiated by appellee.

The tests mentioned above were requested as a result of appellee's growing concern with the problems Donnie was experiencing. Appellee described the child as being highly nervous and constantly lying.

The tests were conducted at the North Central Psychological Center by family counselors Dean B. Mitchell, Ph.D. and his wife, Patricia A. Mitchell, M.A. He was given the following battery of tests: The Wechsler Intelligence Scale for Children, The Wide Range Achievement Test, the Bender Gestalt Test of visual meter coordination and the Draw-A-Person technique.

The following quotes from Mrs. Mitchell's testimony fairly illustrate the results of the tests and the conclusions drawn.

"A. Donnie is the kind of boy that we can classify as having a learning disability. This is not to say that he is retarded or he is not an intelligent child, he is, you know, but he certainly is well within

the average limits of intelligence. He is having some very distinct difficulties, especially in the area of language arts, and Donnie is the kind of person that unless he gets some help with these particular difficulties the future really doesn't hold a whole lot of good things for him. And children who have these kind of problems, you know, later on when they get into high school years, they really have trouble. * * *"

and

"A. I am saying that his difficulties are significant in that if he is not in a program that will take care of them that they are going to have a pretty harmful effect on him. That is why I am saying they are a significant type of difficulties."

Subsequent to the completion of the tests, appellee retained custody of Donnie and brought an action to obtain legal custody. Donnie was also enrolled in a school in Arizona which was equipped to deal with his particular type of learning disability.

Appellant presents two arguments on appeal. The first is that the trial court, based on the evidence presented, abused its discretion in changing Donnie's custody from his mother to his father.

It is well settled that unless there is a clear showing that the court has abused its discretion, a decision on custody will not be overturned on appeal. *Maher v. Maher,* 17 Ariz.App. 22, 495 P.2d 147 (1972); *Leroy v. Odgers,* 18 Ariz.App. 499, 503 P. 2d 975 (1972).

Both parties agree that A.R.S. § 25–332 is the statute which is involved in this action, relevant portions of which are set out below:

"§ 25–332. Best interest of child; modification of decree; fees

"A. The court shall determine custody, either originally or upon petition for modification, in accordance with the best interests of the child * * *.

"B. No motion to modify a custody decree may be made earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health. * * *."

■ Although both parties discuss § 25–332(B) in their briefs as being the new "test" for change of custody, we feel that this portion of the statute merely sets out guidelines concerning a petition to modify custody which is brought within one year after the original custody decree. In other words, when a custody order is sought to be modified within one year then those certain requirements as set out in § 25–332(B) must first be met before the court may consider modification.

We believe, however, that once the statutory requirements of A.R.S. § 25–332(B) are met § 25–332(A) provides the controlling test, namely, that custody will be awarded " * * * according to the best interest of the child."

■ In reviewing the record before us in the light most favorable towards sustaining the trial court, we find that the evidence was sufficient to support the order of the trial court.

The testimony of Patricia Mitchell clearly defined Donnie's problems. She also indicated Donnie's need for immediate attention, i. e., special schooling, a stable environment and proper interaction with other children and adults. Appellee's situation satisfies these needs. He has remarried and his present wife has three children old enough to help Donnie when they are together. His wife does not work and can spend more time with Donnie when he is at home. Thus, there is a stable environment and proper interaction for the child. Finally, Donnie has been enrolled in a school where he will get the special attention his disability requires.

Appellant on the other hand has no definite plans for the future, she has not made

any detailed inquiries as to a school where Donnie could be enrolled, although she has talked with a teacher at a school near her mother's home in New York. Appellant has no job, and no immediate prospects for one.

Although the record contained other evidence which would sustain the court below, we need not go into further detail.

We hold that there has been no abuse of discretion and that taking all things into consideration the trial court could find that the best interest of the child warranted the court in changing custody of Donnie from his mother to his father.

The appellant's second argument is that the court below did not " * * * pay sufficient honor and weight to the doctrine of res judicata in making its modification * * *."

While we would agree that the doctrine of res judicata will apply to custody awards, it is not without limitation. If a change of circumstances can be shown to affect the welfare or best interest of the child, then the original decree of custody can be changed or modified. *Ward v. Ward,* 88 Ariz. 130, 353 P.2d 895 (1960). Here the record reflects such changes and res judicata is inapplicable.

The judgment is affirmed.

OGG and FROEB, JJ., concur.