571 P.2d 1045

**Jane Loretta SMITH, Appellant and Cross-Appellee,**

**v.**

**Latimer Fargo SMITH, Appellee and Cross-Appellant.**

**No. 1 CA–HC 41.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 20, 1977.

Rehearing Denied Oct. 19, 1977.

Review Denied Nov. 15, 1977.

---

Law Offices of Henry J. Florence, Ltd. by Mathis Becker, Phoenix, for appellant and cross-appellee.

Duane W. Bolze, Hash, Cantor & Tomanek by John M. Tomanek, Phoenix, for appellee and cross-appellant.

## OPINION

OGG, Judge.

There are four basic issues for determination in this appeal.

1. Was the service of process on the Arizona resident legally sufficient to confer jurisdiction upon the New Mexico court to modify a prior New Mexico divorce decree?

2. Did the Arizona trial judge abuse his discretion in modifying the New Mexico divorce decree by changing the custody of the children from the mother to the father?

3. Did this trial judge abuse his discretion in awarding the wife the sum of $6550 as arrearage on alimony payments?
4. Did this trial judge abuse his discretion in ordering the husband to pay the balance of his wife's attorney fees and costs in the sum of $3970?

On October 12, 1973, the parties to this action, Jane Loretta Smith (wife) and Latimer Fargo Smith (husband) were divorced in Dona Ana County, New Mexico. Under the terms of this decree the custody of the two minor children—Latimer Fargo Smith, Jr. and Katherine Smith—was provided for as follows:

Both parties are fit and proper persons to have the care, custody and control of the minor children. However, the Respondent [Jane Loretta Smith] is awarded the present sole guardianship, care, custody, maintenance and education of the minor children, subject to reasonable visitation rights by the Petitioner [Latimer Fargo Smith], and further provided that the Respondent shall not be required to comply with the general guardianship laws of the State of New Mexico.

Such reasonable visitation rights of visitation shall include at least the right of Petitioner to visit with the minor children at any reasonable time. The parties contemplate that visitation rights may well be exercised on a 50–50 basis between the parties, but mathematical exactitude is not desired by either party, but rather the quality of the visitation. Whenever the Petitioner exercises his visitation rights he shall have all the rights of the Respondent vis a vis the minor children, and he may and shall remove and take the children to wherever he would have been able to remove the minor children had the parties remained married.

A short time after the divorce the wife voluntarily left the children with the husband and left New Mexico to live in Sedona, Arizona. The children remained with the husband until January 7, 1975, when the wife took the children to Arizona without the knowledge or consent of the husband.

The husband was unable to locate them until October, 1975, when he served the wife in Arizona with an order to show cause relative to a divorce decree modification hearing issued from the District Court of Dona Ana County, New Mexico. Upon advice of counsel the wife did not contest nor make any appearance at the New Mexico hearing, which awarded full custody of the children to the husband and terminated any further alimony payments to the wife. After the New Mexico modification the husband filed a habeas corpus proceeding in Arizona and obtained temporary custody of his children. At a hearing conducted before Judge Howard F. Thompson on the limited issue of the validity of the New Mexico custody modification order, the court ruled the modification order invalid and returned the children to the custody of the wife.

The matter was transferred to Judge Robert W. Pickrell who heard the remaining issues regarding child custody and the wife's petition claiming arrearages in alimony, together with her request for attorney fees and costs.

After an extensive court trial Judge Pickrell awarded custody of the children to the husband and ordered the husband to pay the wife $6550 for alimony arrearages, together with the sum of $3970 for her attorney fees and court costs. Both parties have appealed from the adverse orders entered against them by both judges.

This New Mexico modification issue appears to be moot in regard to the custody of the children for the reason that the Arizona court, with all parties present and participating, entered a later valid order establishing custody. This modification issue does retain some life and we will determine it since the New Mexico modification terminated all alimony and the determination of this issue could have a bearing on the issue of the alimony arrearages as claimed by the wife.

### VALIDITY OF NEW MEXICO MODIFICATION ORDER

On October 16, 1975, the husband secured a modification of the divorce decree before

the original divorce court in Dona Ana County, New Mexico. In the modification order the court gave the husband sole custody of the children and terminated all alimony and support payments to the wife. After securing this modification order the husband attempted to regain custody of his children, who at that time were living with the wife in Arizona. The wife challenged the sufficiency of service upon her and alleged the New Mexico court was without jurisdiction to modify the original divorce decree. Judge Thompson upheld the wife's contentions and declared the New Mexico modification invalid as related the Arizona hearing because of the improper service of process upon the wife residing in Arizona. The court found the New Mexico modification order was entered without jurisdiction over the wife and the minor children. The husband contends the modification order was valid and that the courts of Arizona must accord it full faith and credit.

The facts disclose that the wife was served with only the New Mexico order to show cause and did not receive the verified motion or petition in support of the order to show cause.

It appears that such service did not comply with the New Mexico Rules of Civil Procedure nor with Arizona Rules of Civil Procedure.[1] The New Mexico rules read:

Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders . . . every written motion other than one which may be heard ex parte . . . shall be served upon each of the parties affected thereby . . pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4. N.M. Stat.Ann. § 21–1–1(5)(a).

The rules further state:

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. N.M.Stat. Ann. § 21–1–1(7)(b).

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five [5] days before the time specified for the hearing . . . When a motion is supported by affidavit, the affidavit shall be served with the motion. . . . N.M.Stat.Ann. § 21–1–1(6)(d).

■ Where service of process does not comply with statutory requirements, the court does not obtain jurisdiction. *Safeway Stores, Inc. v. Ramirez*, 99 Ariz. 372, 409 P.2d 292 (1965); *Schering Corp. v. Superior Court*, 52 Cal.App.3d 737, 125 Cal.Rptr. 337 (1975); *Iwerks v. People*, 130 Colo. 86, 273 P.2d 133 (1954); *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888 (Mo. App.1976). Knowledge by defendant as to pending lawsuit will not operate to cure a defect in service, *Hardwick v. Fry*, 137 Ga. App. 770, 225 S.E.2d 88 (1976); *Clayton v. Newton*, 524 S.W.2d 368 (Tex.Civ.App.1975).

In the case of *Hart v. Bayless Investment & Trading Co.*, 86 Ariz. 379, 388, 346 P.2d 1101, 1108 (1960), this court, in discussing jurisdictional notice, stated:

This Court has held that, where a jurisdictional notice is required to be given in a certain manner, any means other than that prescribed is ineffective. See *Yuma County v. Arizona Edison Co.*, 65 Ariz. 332, 180 P.2d 868. This is so even though the intended recipient of that notice does in fact acquire the knowledge contemplated by the law. Such a rule is no mere 'legal technicality;' rather it is a fundamental safeguard assuring each citizen that he will be afforded due process of law. Nor may the requirement be relaxed merely because of a showing that certain complaining parties did have actual notice of the proceedings.

■ A foreign state divorce decree or modification thereof is entitled only to full

_____

1. 16 ARS Rules of Civil Procedure, rule 6(c), 6(d), and rule 7(b).

faith and credit when the court making the decree has jurisdiction. *In Re Hughes*, 73 Ariz. 97, 237 P.2d 1009 (1951).

■ We therefore find under the facts of this case that the Arizona trial court was correct when it ruled the New Mexico court was without jurisdiction to modify the divorce decree because of the inadequate service upon the wife.

## MODIFICATION OF CUSTODY ISSUE

The wife contends that the Arizona trial judge erred when he modified the child custody provision and awarded custody of the children to the husband.

■ It is well settled in this state that an appellate court will not overturn a child custody decision of the trial court unless there is a clear showing that the judge abused his discretion. *Galbraith v. Galbraith*, 88 Ariz. 358, 356 P.2d 1023 (1960); *Georgia v. Georgia*, 27 Ariz.App. 271, 553 P.2d 1256 (1976); *Bailey v. Bailey*, 3 Ariz. App. 138, 412 P.2d 480 (1966). A child custody proceeding more than any other court hearing challenges the trial judge to view and weigh the various personalities, motives and abilities of all the parties. The trial judge observes the body movements, the facial expressions, the voice inflections, the reactions to the testimony and the overall demeanor of all parties and witnesses. These observations, together with the transcribed testimony, make up the fabric from which a judge will cut his decision. Our observations are limited to the transcript and we must therefore be very careful in attempting to second guess the front line trial court from our rather limited appellate vantage point.

The guideline established for such custody hearings is set forth in ARS § 25–332, which states:

A. The court shall determine custody, either originally or upon petition for modification, in accordance with the best interests of the child. The court may consider all relevant factors, including:

1. The wishes of the child's parent or parents as to his custody.

2. The wishes of the child as to his custodian.

3. The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest.

4. The child's adjustment to his home, school and community.

5. The mental and physical health of all individuals involved.

■ We cannot say under the facts of this case that the trial judge abused his discretion when he determined it was in the best interest of the two minor children to make a custody change. The husband had remarried; the former wife was unmarried and had been living with another man; the husband had financial security; the wife did not. The husband had actual care and custody of the children for the majority of the time after the divorce. The husband appeared to be in the best position to provide and care for the children in a stable environment; the wife's new lifestyle was not conducive to establishing a stable environment for the children.

A fair interpretation of the evidence supports the trial court in finding a substantial change in circumstances after the initial New Mexico order and that it was in the best interest of the children to have the custody order modified by awarding custody to the husband.

## ARREARAGE IN ALIMONY ISSUE

The husband claims he owed the wife $2425 under the original New Mexico decree and that he paid her the equivalent of $7485. The wife claims he owed $8800 under the decree and was paid $2250, leaving an arrearage of $6550.

■ Upon the basis of this disputed testimony the trial court accepted the wife's version of the claim and directed the husband to pay the sum of $6550 in arrearage. This court will not interfere with the trial court's resolution of a conflict in the evidence if there is any reasonable evidence to

support the order of the trial court. *Chadwick v. Winn*, 101 Ariz. 533, 421 P.2d 890 (1966); *Stautz v. Pence*, 21 Ariz.App. 153, 517 P.2d 111 (1973).

Our review of the record on this disputed issue discloses the court had reasonable evidence in the testimony of the wife to support the award of the court.

## AWARD OF ATTORNEY FEES

The husband alleges the court abused its discretion in awarding the sum of $3970 for payment of the wife's attorney fees and costs. The pertinent portion of the Arizona statute relating to fees in such a case is ARS § 25–324:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter.

The allowance of such fees is within the sound discretion of the trial court. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973); *Babnick v. Babnick*, 94 Ariz. 338, 385 P.2d 216 (1963).

The evidence disclosed that the wife was self-employed as a hand weaver, earning very little income, and that the husband was a self-employed real estate investor, holding various investments in the United States and Mexico. The wife's attorneys spent 58 hours in preparation and three days in trial. We find no abuse of discretion.

The judgment and orders of both trial courts are affirmed.

FROEB, C. J., and JACOBSON, J., concur.