NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DENISE ELAINE DURBIN, *Petitioner/Appellant*,

*v.*

RYAN M KELLER, *Respondent/Appellee*.

No. 1 CA-CV 17-0338 FC
FILED 4-12-2018

Appeal from the Superior Court in Maricopa County
No.  FC2012-091723
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellant*

Law Office of Joseph Ramiro-Shanahan, PLLC, Scottsdale
By Jessica E. Strain
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**          Denise Elaine Durbin ("Mother") and Ryan M. Keller ("Father") have two children (the "Children") in common. Mother appeals the superior court's legal-decision making and parenting time order and the court's order denying her new trial motion. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Mother and Father were never married. In October 2015, Father petitioned to establish legal decision-making authority, parenting time, and child support ("October 2015 petition"). Father sought joint legal-decision making authority and to be named the primary residential parent for the Children, with reasonable parenting time awarded to Mother.[1] The court conducted a hearing on the petition on March 14, 2016, where both parties represented themselves. After the hearing, the court ordered that the Children be interviewed. The parties stipulated the interview would be confidential and the results would only be provided to the court. After the hearing, but before the court issued its decision, Mother filed a Notice of Newly Discovered Evidence, notifying the court that approximately one week after the hearing, Father was charged with speeding, driving on a suspended license, and tampering with an ignition interlock device. On June 6, 2016, the court awarded Mother and Father joint legal-decision making authority, with Father having "presumptive

---

[1]      Prior to the October 2015 petition, the parties did not have a court order establishing legal decision-making authority or parenting time. The Children primarily resided with Mother, but in August 2015 the parties agreed the Children would live with Father and Mother would have parenting time on Wednesdays and every other weekend. However, after a few months, Mother moved the Children back in with her.

decision-making authority" (the "June 2016 Order").[2] The court also ordered Father to be the primary residential parent, with Mother having parenting time one day during the week and on weekends.

**¶3**     After the superior court entered the June 2016 Order, Mother, now represented by counsel, moved for relief from the judgment under Arizona Rule of Family Law Procedure ("Rule") 85 and for a new trial or amended judgment under Rule 83. The motions, filed separately but on the same day, raised similar arguments to justify relief: (1) Father committed fraud on the court by making false statements while testifying at the hearing, and (2) the superior court ignored evidence Mother presented questioning Father's parental fitness. Mother also argued she was entitled to a new trial because the superior court did not make proper findings under Arizona Revised Statutes ("A.R.S.") sections 25-403(A) and -403.04. Father did not respond to Mother's Rule 85 motion, but disputed the allegations raised in her Rule 83 motion.

**¶4**     Before the superior court ruled on Mother's post-judgment motions, Mother petitioned to modify legal decision-making and parenting time under A.R.S. § 25-411(A), and moved for temporary orders pursuant to Rule 48. In her emergency petition, Mother argued she should have final legal decision-making authority and Father's parenting time should be suspended or supervised because the Children would suffer irreparable harm if they remain in Father's care because, *inter alia*, Father was driving without a required ignition interlock device and would likely be evicted soon and the Children's grades were "plummeting."

**¶5**     Father objected to Mother's emergency petition, but the court issued a temporary order granting Mother final legal-decision making authority and ordered Mother to be the primary residential parent and that Father's parenting time be suspended or supervised. The superior court

---

[2]     We construe the superior court's order as awarding Father sole legal-decision making authority because, as this court recently recognized, "[a]n award of joint legal decision-making that gives final authority to one parent is, in reality, an award of sole legal-decision making." *Nicaise v. Sundaram*, 785 Ariz. Adv. Rep. 12, 16, ¶ 18 (App. 2018). This is because "'[j]oint legal decision-making' means both parents share decision-making and *neither parent's rights or responsibilities are superior* . . . ." A.R.S. § 25-401(2) (emphasis added).

3

then held an evidentiary hearing on Mother's emergency petition.[3] Prior to taking evidence on Mother's petition to modify, the court denied Mother's Motion for New Trial. After the hearing, the court dismissed the temporary orders and affirmed the June 2016 Order. Mother timely appealed[4] the June 2016 Order and the court's denial of her Motion for New Trial.[5] We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### A.     The Superior Court's Legal-Decision Making and Parenting-Time Decision Was Not an Abuse of Discretion.

¶6          Mother contends the superior court's legal-decision making and parenting-time decision was an abuse of discretion. We review the superior court's legal decision-making and parenting-time rulings for an abuse of discretion. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). The court abuses its discretion if the record is "devoid of competent evidence to support the decision." *Borg v. Borg*, 3 Ariz. App. 274, 277 (1966) (citation omitted). We do not reweigh evidence on appeal and will affirm if substantial evidence supports the court's ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). "A child custody proceeding more than any other court hearing challenges the trial judge to view and weigh the various personalities, motives and abilities of all the parties. . . . Our observations are limited to the transcript and we must therefore be very careful in attempting to second guess the front line trial court from our rather limited appellate vantage point." *Smith v. Smith*, 117 Ariz. 249, 253 (App. 1977).

¶7          First, Mother argues the superior court failed to make adequate findings on the record as required by A.R.S. § 25-403, and "failed to consider and properly apply the best interests standard." The superior

---

[3]      Prior to the hearing on Mother's petition to modify, Father, now represented by counsel, moved to dismiss Mother's petition. The superior court denied the motion prior to taking evidence on the petition.

[4]      On April 26, 2017, the superior court issued a final child support order, which the parties do not appeal.

[5]      In her reply brief, Mother argues the superior court erred by denying her emergency petition. However, we do not consider arguments raised for the first time in a reply brief. *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007).

court must consider the factors enumerated in A.R.S. § 25-403(A) regarding the children's best interests when making a custody determination. *Hart v. Hart*, 220 Ariz. 183, 185–86, ¶ 9 (App. 2009). "In a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

**¶8** Mother contends the superior court made incorrect or inadequate findings on each of the following subsections: A.R.S. § 25-403(A)(2) (the Children's relationship with their parents and families); (A)(3) (the Children's adjustment to home, school, and community); (A)(4) (the Children's wishes); (A)(5) (all parties' physical and mental health); and (A)(10) (the parents' compliance with domestic relations education). However, the superior court made specific findings on each of these factors in the June 2016 Order. The court heard testimony or received evidence regarding the Children's school attendance record, performance in school, and the relationship and home life with both Mother and Father. The court also noted, "[t]here were no allegations of either parent or the Children having physical or mental health issues," and Mother completed a parent education class on January 16, 2016, but did not submit a certificate of completion until after the court entered the June 2016 Order.

**¶9** Mother and Father also agreed to a confidential interview of the Children. Mother contends the court did not make findings regarding the Children's "awesome" relationship with their half-siblings or how the "substantial change in living circumstances may affect those relationships." She also argues the court found that the Children moving in with Father and his parents would be a "substantial adjustment," which, Mother maintains, weighs against awarding Father the majority of parenting time. However, the superior court explained it "reviewed and considered" the confidential interview in determining the Children's best interests. The court found Father's parents assist him in caring for the Children and that Mother's two older sons babysit the Children. Importantly, the court noted "[c]oncerns have been raised regarding the appropriateness of the two teenage boys babysitting the Children." This court has reviewed the interviews, and the record shows the superior court properly considered the Children's wishes, their home lives with Mother and Father, and their best interests.

**¶10** Mother also argues Father "intentionally misled" the superior court by: (1) falsely testifying his driver's license was not suspended, that he was not evicted, and that the Children were "falling behind in school" when with Mother; (2) "[l]eading the [c]ourt to assume that he was going

to walk the children to a school 2.5 miles from his current residence;" and (3) not disclosing "that he pled guilty to tampering with his ignition interlock device." Section 25-403(A)(7) requires the court to consider "[w]hether one parent intentionally misled the court to cause an unnecessary delay, to increase the cost of litigation or to persuade the court to give a legal decision-making or a parenting time preference to that parent."

¶11 The superior court found no evidence was presented at the hearing on the October 2015 petition regarding whether one parent intentionally misled the court, and the record does not support Mother's contention regarding this factor. Prior to the court issuing the June 2016 Order, Mother notified the court of newly discovered evidence, alleging after the hearing Father had been charged with speeding, driving on a suspended license, and unauthorized tampering of an ignition interlock device. In the June 2016 Order, the court noted it had considered all the evidence presented "as well as the case history" in reaching its conclusions. Moreover, in his response to Mother's subsequent Motion for New Trial, Father provided his motor vehicle record and case information about the charges, showing the speeding and driving on a suspended license charges were dropped, that he did not have a suspended license, and that he pled guilty to driving without a required ignition interlock device. There was testimony at the hearing on the October 2015 petition regarding Father's past DUI convictions, whether his license was suspended, whether Father had been evicted, and how he would take the Children to school. The superior court is in the best position to judge the credibility of witnesses and resolve disputed facts, and this court does not reweigh evidence on appeal. *Jesus M. v. ADES*, 203 Ariz. 278, 280, 282, ¶¶ 4, 12 (App. 2002). The superior court made sufficient findings under A.R.S. § 25-403(A) and sufficient evidence supports the superior court's ruling. *See Hurd*, 223 Ariz. at 52, ¶ 16. We find no abuse of discretion.

¶12 Mother next argues the superior court "completely disregarded" A.R.S. § 25-403.04(A), which provides:

> If the court determines that a parent has abused drugs or alcohol or has been convicted of any drug offense . . . or any violation of § 28-1381, 28-1382 or 28-1383 within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests.

If the court determines a parent abused drugs or alcohol, the court is then required to make certain findings of fact and consider evidence to determine if the parent rebutted the presumption. A.R.S. § 25-403.04(B). In the June 2016 Order, the superior court noted it must consider substance abuse issues pursuant to § 25-403.04 and that "Mother expressed apprehensions regarding Father's previous[] conviction(s) for D.U.I."

¶13 The superior court was not required to make additional findings. Father's convictions for driving under the influence occurred more than 12 months before he petitioned to establish legal decision-making and parenting time. Although Mother presented evidence Father was arrested for speeding, driving on a suspended license, and driving without a required ignition interlock device one week after the hearing on Father's petition, those offenses do not create the presumption established by § 25-403.04. *See* A.R.S. §§ 28-1381 (DUI); -1382 (extreme DUI); -1383 (aggravated DUI). Mother did not present any other evidence that Father abused drugs or alcohol. The record does not support Mother's contention that the superior court "completely disregarded" A.R.S. § 25-403.04, or that the court erred by not making specific findings under the section.

¶14 Finally, Mother argues the superior court abused its discretion by significantly restricting her parenting time and preventing her "from exercising substantial, frequent, meaningful and continuing parenting time." *See* A.R.S. § 25-103(B) (it is the state's public policy that "absent evidence to the contrary, it is in a child's best interest . . . to have substantial, frequent, meaningful and continuing parenting time with both parents"). However, legal decision-making determinations must be made in accordance with a child's best interests, and the superior court has discretion in awarding parenting time. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). The superior court addressed each relevant § 25-403(A) factor and found it is in the Children's best interests to award Mother parenting time for one day during the week and on weekends during the school year,

and every other week during the summer. The court's parenting time order was not an abuse of discretion or a violation of A.R.S. § 25-103(B).[6]

## B.   The Superior Court Did Not Abuse Its Discretion by Denying Mother's Motion for New Trial.

¶15    Mother contends the superior court abused its discretion by denying her request for a new trial. As relevant here, the superior court may grant a new trial based on misconduct by a party or newly discovered material evidence. Ariz. R. Fam. Law P. 83(A)(2), (4). Mother contends she is entitled to a new trial because Father committed fraud upon the court by making "several false statements under oath," and the superior court did not consider evidence that awarding Father primary physical custody is not in the Children's best interests. We review a superior court's decision to deny a motion for a new trial for an abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009).

¶16    Mother contends the superior court failed to address the evidence Mother submitted to the court in her Notice of Newly Discovered Evidence regarding Father's arrest in March 2016. She maintains Father was arrested for speeding, driving on a suspended license, and tampering with an ignition interlock device, and that, because of his arrest and driving record, Father is "not a safe candidate as the primary residential parent." As discussed above, in Father's response to Mother's Motion for New Trial, he presented evidence that the speeding and driving on a suspended license

---

[6]    Mother also argues this case involved a "school placement dispute," and therefore the superior court erred by not considering the factors laid out in *Jordan v. Rea*, 221 Ariz. 581 (App. 2009). While there is a dispute regarding the Children's academic success while in each parent's care, the superior court did not order the Children to attend a particular school. Rather, the court awarded decision-making authority, which includes the right to make educational decisions. *See* A.R.S. § 25-401(3) (legal decision-making authority "means the legal right and responsibility to make all nonemergency legal decisions for a child including those regarding education . . . ."). The court was not required to consider the *Jordan* factors, and the court properly exercised its discretion. *See Nicaise*, 785 Ariz. Adv. Rep. at 19, ¶ 29 (departing from *Jordan* "to the extent it held that the court may make substantive legal decisions for parents who are unable to agree," and holding "[i]f the court determines that the parents cannot agree, the court must choose which parent shall decide. But the court cannot make the decision itself.").

charges were dropped, that he does not have a suspended license, and that he pled guilty to driving without a required ignition interlock device.

¶17        The superior court denied Mother's Motion for New Trial at the beginning of the evidentiary hearing on Mother's petition to modify legal-decision making and parenting time, which also included allegations about Father's March 2016 arrest. The court stated this case presented "a difficult choice because, frankly, to be honest, I wasn't impressed with either parent and it was a difficult choice for this Court to make and it weighed heavily on what to do." The court then heard testimony about the arrest from Mother and Father. After the hearing, the court stated it found "no emergency" existed, that it previously granted temporary orders out of "an abundance of caution because it felt that perhaps there was new evidence that was being presented, but [the court has not] heard anything new," and that the court did not hear evidence supporting Mother's allegations that Father is driving on a suspended license. The court also ordered Father to keep an ignition interlock device on his car until April 2017. Thus, the record does not support Mother's contention the superior court ignored the evidence she presented. "If a court's decision is based upon 'a determination of disputed questions of fact or credibility . . . or any other basis to which we should give deference,' we will not second-guess or substitute our judgment for that of the trial court." *Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 185, 188 (App. 1992) (quoting *City of Phoenix v. Geyler*, 144 Ariz. 323, 329 (1985)).

¶18        Mother further contends Father made several misstatements to the superior court constituting fraud, thereby justifying relief. Mother again points to Father's statements made while testifying about whether his license was suspended, whether he was recently evicted, and the Children's grades. However, as discussed above, Father presented evidence contradicting Mother's claims that Father lied to or misled the court, and the record shows the superior court properly weighed the evidence and judged the credibility of witnesses. *See Jesus M.*, 203 Ariz. at 280, ¶ 4. The

superior court did not abuse its discretion by denying Mother's new-trial motion.[7]

## C.      Attorney's Fees on Appeal.

**¶19**          Mother and Father both request an award of attorney's fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we decline to award either party attorney's fees. As the prevailing party on appeal, Father is entitled to his reasonable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶20**          For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[7]          Mother contends the superior court "summarily denied" her Motion for New Trial. Even if we were to agree the court should have held a hearing before ruling on the motion, after denying Mother's new-trial motion, the court proceeded with the evidentiary hearing on Mother's petition to modify. The court heard testimony about the issues raised by Mother in her new-trial motion, including testimony about the status of Father's driver's license, whether he was required to have an ignition interlock device, whether he was likely to be evicted, and the Children's grades. Father also provided documents in his responses to Mother's Motion for New Trial and her petition to modify showing the speeding and driving on a suspended license charges were dropped and that he pled guilty to driving without a required ignition interlock device. Accordingly, because the court heard testimony and received evidence about the arguments Mother raised in her Motion for New Trial and denied relief, the issue whether a hearing should have been held is moot as Mother cannot show prejudice. Ariz. R. Fam. Law P. 86 ("No error . . . in anything done or omitted by the court . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").