NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

STEVEN BONDURANT, *Petitioner/Appellee,*

*v.*

KATHERINE YELLE, *Respondent/Appellant.*

No. 1 CA-CV 24-0111 FC

FILED 02-18-2025

Appeal from the Superior Court in Coconino County
No. S0300DO202200278
The Honorable Brent Davidson Harris, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Tiffany & Bosco, P.A., Phoenix
By Amy D. Sells, Trevor B. Cook
*Counsel for Petitioner/Appellee*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        Katharine Yelle ("Wife") appeals from an order denying her petition to set aside a default decree of dissolution of her marriage to Steven Bondurant ("Husband"). For the following reasons, we reverse the superior court's denial of Wife's petition to set aside the decree, vacate the decree, and remand for proceedings consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife lived with their two children in Flagstaff until Wife left Husband and moved to Phoenix.

¶3        In July 2022, Husband petitioned for divorce. Husband's petition identified Wife's address as an apartment in Phoenix. Husband asserts that Wife gave him that address, and a work address, when he told her he was filing for divorce.

¶4        A month later, Husband moved to serve Wife by publication. He claimed he attempted to serve Wife by certified mail, and that Wife was "too busy to meet to self serve." The certified mail receipt attached to the motion indicated the letter was sent to Husband's address in Flagstaff, not Wife's address in Phoenix. The superior court found "no legitimate basis" to order service by publication and denied Husband's motion.

¶5        Husband then moved for a temporary custody order and informed the court that he would hire a process server for personal service of Wife. Over the course of a week in September 2022, the process server attempted service three times at Wife's Phoenix residential address and once at Wife's purported workplace. The process server failed to serve Wife.

¶6        Husband moved to continue the temporary custody hearing the day before its scheduled date, claiming Wife "refused to be served in front of a notary by me . . . [and] refused to pick up certified mail or be seen by a process server." The court did not rule on the motion. At the hearing, the court and Husband discussed Husband's difficulty in serving Wife, and

2

the court directed Husband to file an affidavit of due diligence and move for alternative service.

¶7 Husband moved for alternative service by registered mail. He did not file an affidavit of due diligence, but his motion asserted that (1) his attempts to serve by certified mail were returned as undeliverable with no forwarding address, (2) Wife refused to meet at a notary, and (3) Wife evaded four service attempts by the process server. The court granted Husband's motion for alternative service and permitted Husband to serve by "[e]ither publication <u>or</u> US Mail with delivery receipt." (Emphasis in original).

¶8 In February 2023, Husband filed an affidavit of service by publication in which he affirmed he did a "diligent search" for Wife's whereabouts by asking Wife directly, asking their mutual children, and reaching out to Wife's family and friends. The affidavit also affirmed that Husband published notice in a Coconino County newspaper for four consecutive weeks. Husband applied for default a month later.

¶9 The court issued a default decree in June 2023 and emailed a copy of the decree to Wife. Wife responded to the email the same day, expressing confusion and claiming she never received notice of the proceedings.

¶10 After Husband attempted to enforce the child support and spousal maintenance awards included in the decree, Wife moved to set it aside. Wife asserted that Husband intentionally avoided serving her and argued the default decree was void because Husband published only in Coconino County, but was required by rule to also publish in the county of Wife's last known address, Maricopa County. Husband countered that his service was effective because Wife had actual knowledge of the proceedings, citing an email exchange with the children's therapist in which Wife informed the therapist she did not have the "legal paperwork" relating to a "legal separation."

¶11 The court denied Wife's motion to set aside the decree, finding "at least by a preponderance of evidence that [Wife] did have actual notice" of the proceedings. Wife timely appealed, and we have jurisdiction. A.R.S. § 12-2101(a)(1).

## DISCUSSION

¶12 Wife asserts that service by publication was improper because the record does not show that traditional and alternative service were

3

impracticable. Wife argues the defective service violated her due process rights and that the decree was thus void for lack of jurisdiction. We agree.

¶13 "We generally review the denial of a motion for relief from judgment . . . for an abuse of discretion, giving deference to the superior court's factual findings." *Johnson v. Edelstein in & for Cnty. of Maricopa*, 252 Ariz. 230, 233, ¶ 12 (App. 2021). But "proper service . . . is a legal question of personal jurisdiction which we review *de novo*." *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018).

¶14 Arizona Rule of Family Law Procedure 41(m)(1) permits service by publication if the serving party shows that (1) personal, mail, or alternative service are impracticable, (2) despite reasonably diligent efforts, the serving party has been unable to determine the current address of the person to be served, or the person has intentionally avoided service of process, and (3) service by publication is the best means practicable under the circumstances for providing the person with notice. Ariz. R. Fam. Law P. 41(m)(1).

¶15 Here, in one order, the superior court ordered service by publication "or" alternative service. This was error because publication and alternative service are not equivalent methods under Rule 41. The plain language of Rule 41(m)(1) requires a showing that alternative service is impracticable *before* a court may order service by publication. The superior court did not make such a finding, and the record does not reflect that Husband made such a showing.

¶16 In determining whether service by publication was appropriate, we must consider whether alternative means of service were available. *Ruffino*, 245 Ariz. at 170, ¶ 17. The record shows that a viable alternative means of service existed: email. Husband himself argues he was in "continual communication" with Wife "through various channels, including . . . email." The record also contains evidence of an email communication between Husband, Wife, and their children's therapist. The email address Wife used in those communications was an effective means of reaching her, as evidenced by Wife's reply to the court's transmission of the default decree to that email address. Under these circumstances, alternative service by email was more likely to give Wife notice of the pending divorce than publication in a newspaper. *See id.* at ¶ 16. The superior court thus erred by ordering publication before exhausting email as a viable means of alternative service. *See id.* at ¶ 18 ("[W]hen more practicable channels of communication are available . . . a serving party should first . . . move for alternative service [using those channels], *before*

service by publication can be considered the best means practicable." (emphasis added)).

**¶17**         "Proper service of process is essential for the court to have jurisdiction over a defendant." *Duckstein v. Wolf*, 230 Ariz. 227, 233, ¶ 18 (App. 2012). Because the requisite grounds for service by publication here were not met, the superior court lacked jurisdiction over Wife. The superior court's finding that Wife had actual knowledge of the proceedings did not salvage its jurisdiction, because a party's actual knowledge of a pending lawsuit "will not operate to cure a defect in service." *Compare Smith v. Smith*, 117 Ariz. 249, 252 (App. 1977), *with Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) ("It is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process."). Because Wife never made an appearance in the litigation before the court issued the default decree, the order was void. *Duckstein*, 230 Ariz. at 233, ¶ 18 (a judgment is void if the court that rendered it lacked jurisdiction due to improper service).

**¶18**         The superior court abused its discretion in denying Wife's motion to set aside the void decree. *See Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) (a court abuses its discretion if it commits a substantial error of law). Because service by publication was improper, we do not address the parties' arguments on whether Husband properly published notice.

## ATTORNEY FEES AND COSTS ON APPEAL

**¶19**         Husband requests fees and costs on appeal under ARCAP 21 and A.R.S. § 25-324. Wife does not. After considering the relevant factors, we decline to award attorney fees without prejudice. The superior court may consider any requests for fees on remand, including fees incurred on appeal, pending the outcome of this litigation. The award of costs on appeal under A.R.S. § 12-342 shall also be determined pending the result on remand.

## CONCLUSION

**¶20** We reverse the superior court's denial of Wife's petition to set aside the decree, vacate the decree, and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:          JR